If the TPA relies on the use of the proceeds of a LIHTC syndication to meet HUD imposed requirements, a letter of commitment from the syndicating group is required prior to the Field Office issuing a preliminary approval letter.

SECTION 8. RELATIONSHIP TO PRESERVATION OF LOW INCOME-HOUSING

13-30. Prepayment Restrictions

Title II of the Housing and Community Development Act of 1987 ("Title II" or "ELIHPA") and Title VI of the Cranston-Gonzalez National Affordable Housing Act ("Title VI" or "LIHPRHA") impose restrictions on the prepayment of subsidized mortgages that could otherwise be prepaid without HUD's consent. The primary categories of projects subject to Title II and Title VI are (1) section 221(d)(3) market rate projects with Section 8 project-based assistance; (2) Section 221(d)(3) BMIR projects; and (3) Section 236 projects. Title II or Title VI is applicable only if, under applicable contract or program regulations in effect prior to February 5, 1988, the mortgage is or will within 12 months or 24 months respectively become eligible for prepayment without HUD's consent. An owner who is prevented by Title II or Title VI from prepaying the mortgage may apply for "incentives" in exchange for agreeing to restrictions designed to





preserve the low-income use of the project. Such incentives are negotiated as part of a Plan of Action. Transfers of Physical Assets that are contemplated as part of a Plan of Action must be reviewed for compliance with Title II or Title VI, as applicable. Owners of such properties should consult with the Regional Director of Housing or the field office's Director of Housing Management concerning applicable Plan of Action requirements.

13-31. TPA Restrictions Applicable to Certain Subsidized Projects

Section 203(h) of the Housing and Community Development Amendments of 1978, as amended by Section 181(g) of the Housing and Community Development Act of 1987, provides that the Secretary may not approve the sale of any subsidized project that is subject to a mortgage held by the Secretary or if the TPA involves the provision of any additional subsidy funds by the Secretary or the recasting of the mortgage unless the transaction will ensure that such project will continue to operate at least until the maturity date of the mortgage in a manner that will provide rental housing on terms at least as advantageous to existing and future tenants as the terms required by the program under which the mortgage was made. A "subsidized" project includes a project receiving any of the following forms of assistance:

Section 221(d)(3) BMIR loan
Section 236 interest reduction payments
rent supplement assistance
Section 202 or 312 programs
project-based assistance under Section 23 or Section 8 regardless of the number of units assisted

Whenever a project falls into the defined category, the purchaser must agree either to execute a use agreement to maintain the project in accordance with the tenant-related provisions of the applicable mortgage program until the maturity date, or to extend the prepayment prohibition to the maturity date.

SECTION 9. MONITORING AND REPORTING

The Field Office manager/supervisor must ensure that each project is monitored after preliminary approval, or where applicable, final approval, to ensure that the conditions of approval are satisfied.





13-32. Monitoring Schedule

Monitoring should begin at the point at which preliminary approval is issued, and continue until such time as all of the terms and conditions of the transfer have been satisfied, or for a period of at least three years following preliminary approval, whichever is longer. During this period, the physical and financial condition of the project should be monitored. It is suggested that transfers be reviewed, at a minimum, every six months during the monitoring period. The Field Office manager/supervisor is charged with responsibility for monitoring each transfer of physical assets, as well as determining the frequency of such monitoring. He/she may delegate to a subordinate the task of tracking the actions of the owner to determine whether the conditions of the transfer have been fulfilled. However, the ultimate responsibility for ascertaining whether the purchaser has satisfied the conditions of the transfer rests with the manager/supervisor.

Each transfer remains in a monitored posture until such time as the manager/supervisor certifies in writing:

o That all of the terms and conditions agreed to at the time of preliminary approval and final approval have been satisfied, and;

o That the project is in sound physical and financial condition.

13-33. Monitoring Procedures for Completed TPAs

A. Establish Monitoring File.
A monitoring file should be developed for each project at the time of preliminary approval of the transfer. The monitoring file should contain a

copy of the preliminary approval letter and a working copy of the MIO plan or repair program. All actions taken by the Field Office to assure compliance with the TPA approval will be filed in the monitoring file. A copy of the reports or site visits, etc. should also be filed with the regular project file.





B. Areas to be Monitored

1. Cash contributions
2. Physical improvements/repairs
3. Management improvements or changes
4. Disposition of Flexible Subsidy assistance
5. All other changes to be implemented at the project.

13-34. Location and Maintenance of Monitoring File. The monitoring files should be located in one central place in the Field Office. A tickler system should be established to ensure that each project is reviewed during the month in which a contribution, change, or improvement is scheduled. Periodic site visits are necessary to determine the acceptability of physical repairs. Management changes, cash contributions, etc., can be reviewed remotely through required reports.

13-35. Non-Compliance with Transfer. If a scheduled payment or repair, etc., is not made as agreed under the terms of the transfer, the servicer assigned to monitor the transfer must provide the owner with written notice of non-compliance, and direct that appropriate corrective action be taken within the reasonable period of time specified in the written notice of non-compliance.

If the deficiency is not corrected within the period of time specified in the written notice of non-compliance, the situation should be reported to the Director of the Office of Participation and Compliance and the Director of the Office of Regional Housing. The Field Office should immediately consider all options available to it to enforce compliance. Field and Regional Counsel may be consulted and, if necessary, the office of General Counsel may be requested to participate in developing a plan of enforcement. The available remedies include Administrative Sanctions such as the use of Form HUD-2530 previous participation procedures, LDP, suspensions, etc., and affirmative litigation to enforce the conditions of the TPA.

13-36. Operational Difficulties Unrelated to Transfer Conditions. Where HUD review reveals no specific violations of the conditions for transfer, but does disclose that the project is experiencing operational difficulty, the servicer must negotiate with the project owner a plan for restoring the project to sound condition.

APPENDIX A

PROCEDURES FOR PROCESSING A FULL REVIEW TRANSFER

CONTENTS OF APPENDIX A

I. TRANSFERS REQUIRING FULL REVIEW

II. FULL REVIEW-OVERVIEW

A. Preliminary Approval

B. Final Approval

III. FULL REVIEW PROCESSING - DETAILS

A. Preliminary Approval

1. Step (1): Submission of TPA Application/Required Documentation

2. Step (2): Review of Application for Completeness

3. Step (3): Review of Application and HUD required Reports to Determine Acceptability of Transfer

4. Step (4): Issuance of Preliminary Approval OR Denial of TPA

B. Final Approval

1. Step (1): Certification of Changes

2. Step (2): Submission and Review of Executed and Recorded Documents

3. Step (3): Issue Final Approval





I. TRANSFERS REQUIRING FULL REVIEW: The following types of transfers require a Full Review and payment of a transfer fee. The Department imposes a fee of $0.50 per $1,000 of the original face amount of the mortgage to cover the costs of administrative, legal, and fiscal actions that a review entails. Applications received for Full Review, which are not accompanied by the proper fee will be returned unreviewed. For applications which are reviewed by HUD and subsequently withdrawn, the fee paid to HUD will be considered earned and nonrefundable.

A. Transfer of title from the mortgagor-seller to buyer including conveyance by installment sales contract, land contract and wrap-around mortgage.

B. Transfer of any interest in a partnership which causes a dissolution of the partnership under applicable state law.

C. Transfer of 100 percent of the beneficial interest in a passive trust, if the assignment results in a change in control of the project.

D. Transfers requiring Full Review will be examined in accordance with HUD's established Determinative Criteria.

II. Full Review-Overview. A Full Review of a transfer proposal is conducted in two phases:

A. Application for Preliminary Approval: The Field Office will review the Application for Transfer of Physical Assets, form HUD-92266, and all accompanying documentation as set forth in Section III below. At the end of the review process, if the transfer proposal is acceptable, HUD issues a letter granting Preliminary Approval of the application. It is at this point that the parties to the transaction are authorized to transfer possession of and beneficial interest in the project. THE PURCHASER IS NOT AUTHORIZED TO TRANSFER ANY INTEREST IN, TAKE POSSESSION OF, OR ASSUME THE BURDENS AND BENEFITS OF OWNERSHIP OF THE SUBJECT PROJECT WITHOUT THE PRIOR WRITTEN APPROVAL OF HUD. If this requirement is violated, the Department will pursue all administrative, legal, civil and criminal remedies.





B. Final Approval: Processing: Review documents approved at Preliminary Approval to make sure that they have been executed and changed.

III. FULL REVIEW PROCESSING - DETAILS

Upon learning that a TPA is being considered, the Field Office should schedule a meeting with the proposed purchaser. At this meeting the requirements for TPAs may be briefly reviewed.

HUD recommends that a purchaser contact the Field Office early, before submitting the TPA application to discuss the Field Office's requirements for submission. Delays due to incomplete packages or inadequate number of application packages may be avoided.

The purchaser should use the meeting to explain the TPA transaction and the Field Office should take advantage of the opportunity to explain the review process and any

expectations it may have.



A. Preliminary Approval

1. Step 1: Submission of TPA Application/Required Documentation - commences with the submission of a minimum of two copies of the - TPA Application (form HUD-92266) and the required documentation, as applicable and described more fully below. The Field Office may require additional copies of the entire application. At least one set of documents must show original signatures.

The application must also be accompanied by the information required by Housing Notice H 90-17, Combining Low Income Housing Tax Credits (LIHTC) with Other HUD Programs, or any modification or substitute Notice.

The contents of the Application for Preliminary Approval are listed below:

1. TPA Application (form HUD-92266)
2. Purchaser's Letter
3. Purchaser's Certificate of Previous Participation (form HUD-2530)
4. Purchaser's Resume





5. Source and Application of Funds
6. Executed but unrecorded Sale Contract, Option Contract or Land Contract
7. Executed Seller/Purchaser Affidavit
8. Executed But Unrecorded Regulatory Agreement
9. Executed But Unrecorded Modification Agreement
10. Executed But Unrecorded Secondary Financing Documents
11. Interim Financial Statement
12. Pro-forma Balance Sheet
13. Mortgagee's Statement of Escrow and Reserve Account
14. MIO Plan
15. Proposed But Unrecorded Deed
16. Proposed Bill of Sale and Assignment
17. Proposed Management Certification, and Entity Profile, if applicable, and form HUD-2530 for Management Agent
18. Title Report
19. Mortgagor's Oath
20. Proposed Rental Schedule (form HUD-92458)
21. Executed Organizational Documents of Purchaser
22. Attorney's Certification
23. Byrd Amendment Certification
24. Purchaser's Personal Financial Statement (FHA Form 2417)

A discussion of each of these items follows:

1. TPA Application consists of a properly executed form HUD-92266. Note that if a lien is being created, the mortgagee must sign the application.

2. Purchaser's Letter - "Purchaser" is defined to include all individuals purchasing as individuals or as principals in a joint venture, all general partners in a purchasing partnership, or a corporation. The letter must be signed by an authorized principal of the purchasing entity.

   The Purchaser's letter must describe in detail all financial consideration flowing to the project and the mortgagor/seller as a result of the transfer. This letter must detail all funds allocated to project operations as well





as those funds designated for use in correcting the physical needs of the project.

The letter should describe the entire transaction, including but not limited to:

- how the transaction complies with the Determinative Criteria;
- an explanation of the organization and structure of the purchasing entity;
- an explanation of the business transaction reflected in the Source and Use of Funds Statement;
- the Purchaser's motivation for acquiring the project;
- an explanation of its relationship to the management agent and whether it expects to make changes in the management of the project, particularly within the first year following preliminary approval;
- an explanation of why it believes the proposed repair program and/or deposit to the reserve for replacement account will be adequate to maintain the project in safe, decent and sanitary condition; and
- an explanation of how it will correct any financial deficiencies reflected in the interim financial statement, including eliminating payables at closing and making sure the various escrows (property tax, insurance) and trust accounts (tenant security deposit) will be properly funded as a result of the TPA.

The letter must state that if the project is

HUD-insured the project mortgage is current or will be brought current as a result of the transfer approval. If the mortgage is held by HUD, the letter must state that the mortgage is either current or it must describe a plan for bringing the mortgage current.

All workout plans must comply with HUD workout policies in effect at the time the TPA application is submitted for Preliminary Approval.





3. Purchaser's Certificate of Previous Participation (HUD Form 2530) - A Certificate of Previous Participation (HUD Form 2530) must be filed for all general partners and all individuals and/or entities who own an interest in the project of 25 percent or more or who own 10 percent or more of the corporate stock of the corporation purchasing the project.

4. Purchaser's Resume - This is to be submitted where the purchaser has no previous participation with the HUD Field Office where the application for transfer is submitted. The Resumes for each principal of the purchaser should be submitted and should be in sufficient detail for HUD to understand the nature of their real estate experience.

5. Sources and Uses of Funds - This shows ALL expected sources of funds and ALL expected uses of these funds. A suggested format is in Appendix F. The applicant may modify this format to suit the particular transaction, but the modification may not be less detailed or combine items to avoid specificity.

   ALL PURCHASERS ARE REQUIRED TO INCLUDE A SOURCES AND APPLICATION OF FUNDS. THERE ARE NO EXCEPTIONS.

6. Executed but Unrecorded Sale Contract, Option Contract or Land Contract - Submit the applicable sale document in its entirety.

7. Executed Seller/Purchaser Affidavit - The parties must submit with the sale contract a sworn statement to the effect that the sale contract recites all of the consideration moving to the seller or any person identified therewith.

8. Executed but Unrecorded Regulatory Agreement Proposed Regulatory Agreement executed by the Purchaser, as appropriate.

9. Executed but Unrecorded Modification Agreement or Release and Assumption Agreement - Proposed Modification Agreement, Proposed Release and Assumption Agreement, as appropriate.

10. Unexecuted Secondary Financing Documents - If the proposed secondary financing involved creates a lien against the project or personalty thereof a consent statement from the holder of the first mortgage must be submitted. See Appendix H, Legal Review of Transfer of Physical Assets Proposals.

11. Interim Financial Statement - Unaudited interim financial statement (prepared period from the date of the last audited financial statement to the date of application.

12. Pro Forma Balance Sheet - Pro forma balance sheet (prepared according to Handbook 4370.2). This Balance Sheet will show how the project accounts are expected to appear the day after the expected date of closing.

13. Mortgagee's Statement of Escrow and Reserve Account. The mortgagee should provide an opinion as to the adequacy of the present escrow balances (taxes, property insurance) and present monthly deposits to meet the next anticipated tax and insurance bills.

14. Management Improvement and Operating (MIO) Plan - Where the project will have physical, management, or financial needs or changes at the time of the transfer, a MIO plan or another plan acceptable to HUD must be submitted, which describes the timing and extent of planned repairs and financial contribution and the timing for all management or procedural changes.

15. Proposed but Unrecorded Deed

16. Proposed Bill of Sale and Assignment - See form HUD-92266a, Instructions for Preparation of the Application for Transfer of Physical Assets, for fuller explanation.

17. Proposed Management Certification and Form HUD-2530 - Where a change of management is contemplated by the transfer, a copy of the proposed new management certification must be included. This certification must be completed in conformity with HUD Handbook 4381.5 REV-1. If not already on file with the Field Office, a Management Agent Profile must also be submitted. If the proposed agent has not previously managed properties in the jurisdiction where the project is located, a brief summary or resume of the agency and its principals should be included. Also, the new management company must receive previous participation clearance by filing Form HUD 2530.

18. Title Report - See FHA Form 2226 or equivalent

19. Mortgagor's Oath - See FHA Form 2478 or equivalent

20. Proposed Rental Schedule (Form HUD-92458) - original and completed form. NOTE: The approval of this rental schedule in conjunction with a TPA is not an approval to raise the rents at the project. All rent increases must be processed under existing procedures.

21. Executed Organizational Documents of Purchaser - See form HUD-92266a, Instructions for Preparation of the Application for Transfer of Physical Assets, for fuller explanation.

22. Attorney's Certification - The Purchaser's attorney must certify that, following HUD's preliminary approval, all documents requiring execution and/or recordation will be executed and, as required, recorded in the form reviewed and approved by HUD. The attorney must use the form entitled Attorney's Certification, (Appendix A-12).

23. Byrd Amendment Certification - Regarding disclosure to report lobbying. HUD will provide statement and accompanying form, if necessary, to be completed for this purpose.





24. Purchaser's Personal Financial Statement HUD will provide the form to be completed for this purpose (FHA Form 2417).

The above documentation must be complete and accurate. The documentation must be submitted directly to the appropriate Field Office.

Upon receipt of this initial package, the Field Office immediately provides the applicant with a letter acknowledging receipt of the application (See Handbook 4350.1, Chapter 13). This acknowledgement does not indicate acceptance of the application as to form or content.

2. Step (2): Review of Application for Completeness
   a. The Field Office logs in the application and reviews the submission for completeness. Following the initial review a deficient application may be returned to the applicant. (The sample found at Appendix A-2 entitled, Return of Deficient Submission, should be used for this task.) Alternatively, if the deficiencies are not serious, the Field Office should alert the applicant as to the missing documents (see Appendix A-3 Request for Correction of Deficient Submission). The Field Office has the responsibility to determine if a TPA application should be returned or if the missing pieces should be requested and processing delayed.

   b. When a complete application is obtained, the Field Office:

      (1) Dates the application. (The date a complete package is received by the Field Office.)

      (2) Forwards the application to the appropriate servicer for review.

      (3) Forwards one copy to the Field Counsel or other division or branch having been designated as part of the review process. Use the sample in Appendix A-4 to request the other office's review.





   c. Processes Form 2530 pursuant to Handbook 4065.1.

   d. Request necessary inspections and reports (e.g., physical inspection, management review).

   e. Initiate other inquiries needed.

   f. Complete form HUD-9575, entitled Transfer of Physical Assets Information Sheet (Appendix E).

3. Step (3): Review of Application and HUD Reports to Determine Acceptability of Transfer

a. During this step the Field Office servicer, field counsel, or other division/branch simultaneously review the application, the results of all HUD inspections and reports, the physical inspection and cost analysis, if applicable, submitted by the applicant. Meetings and negotiations are held, if necessary, among HUD and the purchaser and seller.

The Field Office may seek guidance from regional housing at any point during Step 3. However, the Field Office is urged to contact regional housing as soon as it determines that guidance is necessary. All requests for guidance or review by the regional office (except requests from field counsel) should be made to the Regional Director of Housing. The Field Office should use the sample entitled Request for Guidance from Regional Housing, Appendix A-6 in transmitting this request. The servicer should provide all attachments required for ease of review.

If field counsel desires regional counsel to review an aspect of the transaction requiring legal review, it should request this review using the sample at Appendix A-7. Copies of the request should be provided to the Chief, Loan Management Branch.





b. During Step 3, the reviews not delegated to the Field Office or the aspects of the transaction requiring regional and Headquarters approval take place. The Field Office cannot proceed to Step 4 until it has received these approvals.

4. Step (4): Issuance of Preliminary Approval, OR Denial of TPA

a. The office prepares the preliminary approval letter. Use the sample entitled, Preliminary Approval at Appendix A-8. The letter should state all terms and conditions of the approval, including the requirements imposed by the Regional Office or Headquarters, and, where applicable, should include as a requirement, receipt of the applicant's attorney's additional certification (see paragraph B, 1 below and Appendix A-13). The letter should also include a disclaimer stating that

> "This approval should in no way be construed as evidence that HUD has approved or reviewed the entire contents of the Preliminary Prospectus of ______________________, dated

__________. Said Prospectus is considered merely a selling aid and is not a required TPA document subject to HUD approval".

b. If the office denies the transfer proposal, use the sample letter entitled, Letter Transmitting Decision to Deny TPA Proposal at Appendix A-9.

B. Final Approval

1. Step (1): Certification of Change in Documents Prior to Final Execution and Recordation - if HUD required any changes to the documents submitted during the Preliminary Approval review, the applicant's attorney must certify to HUD that the required changes have been made. (See Appendix A-13).





2. Step (2): Submission and Review of Executed and Recorded Documents and other Phase II Documents - The applicant has 45 working days from the date of preliminary approval to submit all executed and recorded documentation to the Field Office. The preliminary approval shall be the date on the letter. Where the applicant finds that he/she is unable to submit the appropriate documentation within the required time period, he/she should submit a written request for an extension of time to the Field Office. Such extension must explain the reason for the delay.

Phase II documentation consists of the following:

(1) All recorded documents; (2) unrecorded executed documents; (3) audited interim financial statement; (4) purchaser's balance sheet; (5) mortgage statement; (6) title policy; (7) original regulatory agreement; (8) attorney's opinion; (9) rental schedule. These documents are discussed below:

a. All Executed Recorded Documents - One certified (by the recording officer) and one conformed copy of all recorded documents -- except the recorded Regulatory Agreement, which is dealt with below.

b. All Unrecorded Executed Documents - Copies, certified by the purchaser, trustee or other responsible person to be true copies, of all unrecorded executed documents used in connection with the transfer.

c. Original Regulatory Agreement - Where applicable, the original executed and recorded Regulatory Agreement and one copy.

Audited Interim Financial Statements - Audited Interim Financial Statements must cover the period from the date of the last audited report furnished to HUD to date of transfer.





e. Purchaser's Balance Sheet - Actual Condition Purchaser's Balance Sheet, as of the date of the transfer of title to the purchaser, along with copies of any deferred payment notes approved by the Secretary and certified to be true copies by the holder thereof.

f. Mortgagee's Statement - Mortgagee Statement of all trust and escrow accounts as of date of transfer of title to the purchaser.

g. Title Policy - Title Policy or endorsement, as appropriate. If the mortgagor-seller is to be released, a proposed title binder or letter from the company issuing the original mortgagee's policy shall show that after the transfer the mortgage will remain a first lien on the property and the mortgagee will still be protected by a mortgagee's title policy.

h. Attorney's Opinion - Attorney's Opinion stating that the transaction has been legally consummated and that the purchaser is legally authorized to operate the project and is obligated to abide by the terms of the Regulatory Agreement. The opinion must also state that the documents that were executed and/or recorded are the same, in form and content, as those approved by HUD in the preliminary review process. The attorney shall not have an identity of interest with the purchaser or seller.

i. Rental Schedule -Rental Schedule and or Budget Worksheet if Applicable (form HUD-92458) dated after the date of transfer of the project. The Rental Schedule must show the names of all principals for which HUD approved a 2530 in connection with the TPA. The rental schedule may not exceed the current rents most recently approved by the Field Office, if the rents have not been deregulated.

3. Step (3) - Field Office Review of Final Approval Submission:

If the documentation is acceptable, final approval of the transfer is issued and the sample letter

entitled Final Approval is forwarded to the applicant (Handbook 4350.1, Chapter 13).

When recording or other deficiencies are discovered during Phase II, the purchaser will be notified to immediately correct the deficiencies and resubmit the corrected documents for review.





Acknowledgement of Receipt of Submission

ADDRESSEE

Dear: ____________________

Subject: Project Name: ____________________
Project No: ____________________

We have received your application for a transfer of physical assets on the subject project. Your application will be processed pursuant to our standardized procedures for the review of such transactions.

During the course of the review, HUD staff may find it necessary to contact you for further information or for an explanation of information you have already provided as part of your application. Your cooperation and immediate attention to our inquiries will help assure expeditious processing of your application.

Please be advised that you are not authorized to transfer, take possession of, or assume the burdens or benefits of ownership of the subject property until such time as you receive a letter signed by (Manager or Supervisor or Deputy Manager) authorizing you to do so. Such letter will constitute preliminary approval of the transfer. Verbal authorization to transfer or written authorization signed by other than (the Office Manager, Supervisor or Deputy Manager) is NOT sufficient.

I look forward to working with you in this matter and assure you that every effort will be made by my staff to provide you with prompt and courteous service. Inquiries which you may have concerning your submission should be directed (name of loan servicer) at (phone number).

Sincerely,

NAME
Chief,
Loan Management Branch

Return of Seriously Deficient Submission

ADDRESSEE

Dear: ____________________

Subject: Project Name: ______________________________
Project No: ______________________________

The transfer of physical assets proposal involving the subject property which you submitted to our office on ______________________ is being returned to you inasmuch as the submission is seriously deficient. No further review of your proposal will be conducted by our staff at this time. The deficiencies found in your submission are as follows:

List all missing, incomplete or improperly prepared documentation. Indicate the deficiency.

1.
2.
3.
4.
5.

Should you wish to resubmit your application in complete and properly prepared form, my staff and I will be pleased to accept and review your application. Please submit the application in its entirety; do not submit only the missing or improperly prepared exhibits.

All inquiries concerning this matter should be directed to (name of loan servicer) at (phone number).

Sincerely,

NAME
Director,
Housing Management Division





Request for Correction of Deficient Submission

ADDRESSEE

Dear: ________________________

Subject: Project Name: ______________________
Project No:

The transfer of physical assets proposal involving the subject project, which you submitted to our office on ______________________ is found to be deficient in the following manner:

1.
2.
3.
4.

Due to the nature of the deficiencies HUD is retaining your original submission at our office. If we do not receive the above documentation within the next 30 calendar days, we will assume you do not wish to pursue this proposal and shall return your documentation to you.

If there are any questions concerning this matter, please contact (name of loan servicer) at (Telephone number).

Sincerely,

NAME
Director,
Housing management Division





Request for Legal or Other Review

MEMORANDUM FOR: (Chief Counsel, Valuation Chief, etc.)

FROM: NAME, Director, Housing Management Division,

SUBJECT: Transfer of Physical Assets
Project Name: ______________________
Project No: ______________________

Attached please find one copy of the (identify contents of the attachment; e.g. one copy of the transfer proposal, etc.) submitted to our office for review. Preliminary review of the proposal indicates that the submission is complete.

Please review the enclosed pursuant to outstanding instructions relating to the processing of transfers of physical assets. Questions regarding this matter should be addressed to (name of loan servicer).

MEMORANDUM FOR: Name, Regional Director of Housing

FROM: Name, Director, Housing Management Division

SUBJECT: Transfer of Physical Assets
Project Name:___________________________
Project No:______________________

An application for the transfer of the subject property has been received by our office. A copy of the proposal is attached to this memorandum.

____ While our office is reviewing the proposal, we request your assistance in resolving the following issue(s) pertaining to the proposal.

Describe in full the issue(s) and provide the Field office analysis and recommendations.

____ The entire proposal should be reviewed by your office because of the following:

Provide the reasons why Regional Office review is required and the Field Office recommendation for action and analysis.

Attached is copy of form HUD-9575, which provides basic information about the project and the proposal. If there are questions regarding this matter, please contact (name of loan servicer) at (phone number).

Attachments





Form Memo to Regional Counsel

MEMORANDUM FOR: Name, Regional Counsel

FROM: Name, Chief Counsel

SUBJECT: Transfer of Physical Assets
Project Name: ________________________
Project No: ____________________

This is to request your review of the transfer of physical assets for the subject property. Our review of the transfer proposal indicates the following:

____ The proposal, except to the extent it involves standard documents or pertains to local law should be reviewed by your office because the transfer involves the following matters:

Describe in full all areas which need Regional Counsel review and provide recommendations and analysis

____ While our office is reviewing the proposal, we request your assistance in resolving the following issue(s) which have been previously discussed with your office.

Summarize the issue(s) and provide analysis and recommendations

If you have questions, please call (attorney adviser) at (phone).

---



---



---

Preliminary Approval

ADDRESSEE

Dear: ____________________

Subject: Project Name: ____________________
Project No: ____________________

Please be advised that the transfer of physical assets proposal which you submitted to our office on ________________ is hereby granted preliminary approval subject to the following terms and conditions:

Specify all requirements, actions, changes, etc. that are conditions to the approval. REMEMBER, include the requirement for an attorney's opinion in the event changes to the documents are a condition of approval.

This approval should in no way be construed as evidence that HUD has approved or reviewed the entire contents of the Preliminary Prospectus of _____________________________, dated _________. Said Prospectus is considered merely a selling aid and is not a required TPA document subject to HUD approval.

You have 45 working days from the date of this letter in which to conform all relevant documentation and activity to the terms and conditions recited above, to execute and record that documentation, and to submit such documentation and/or evidence of required activity to our office. Preliminary approval authorizes you to take possession of and assume the burdens and benefits of ownership of the project, provided you comply with all the conditions set forth in this approval letter.

I look forward to receipt of your Final approval submission within 45 days. If you find that you are unable to provide the required documentation to our office within the prescribed period, a request for extension of this period must be made, in writing, prior to the expiration of the 45 day period, but as soon as possible after you learn of a delay. Provide specific reasons for the delay and a target date for completion.

If there are questions, please call (loan servicer) at (phone).

Sincerely,

NAME
Manager

Rejection of Proposed TPA

ADDRESSEE

Dear: ____________________

Subject: Project Name: ______________________
Project No: _____________________

Please be advised that the transfer of physical assets application which you submitted to our office on (date) is denied for the following reasons:

List the reasons for rejection.

If there are questions, please call (loan servicer) at (phone).

Sincerely,

NAME
Manager





Request for Full Regional or Headquarters Review

MEMORANDUM FOR: Name, Director, Office of Regional Housing

FROM: Name, Director, Housing Management Division

SUBJECT: Transfer of Physical Assets
Project Name: _____________________
Project No: _________________

A proposal for the transfer of the subject property was received on (date) by our office. We have attached a copy of the proposal to this memorandum.

The entire proposal needs review by your office for the reasons discussed below:

Our recommendations regarding this transaction are discussed below:

Attachment

Final Approval

ADDRESSEE

Dear: ____________________

Subject: Project Name ______________________
Project No. ____________________

Final Approval of your proposal for the transfer of the subject property, which was submitted to our office on (date) is herewith granted by HUD inasmuch as the terms and conditions of the transaction and the documentation supporting such terms and conditions are found to be acceptable to HUD. This approval is conditioned upon strict compliance with the terms and conditions of this transfer as agreed by HUD.

Sincerely,

NAME
Manager





Attorney's Certification on Execution and Recordation

U. S. Department of Housing and Urban Development

Subject: Project Name
Project Number
Project Location

Dear: (insert name of Field Office manager)

This firm represents the purchaser of the above referenced project. This letter is submitted in connection with an application for transfer of physical assets of the project.

I hereby certify that the following documents submitted for review (list all documents) are in the form in which they will be executed and, if appropriate, recorded. I certify that these documents will not be changed in any way following HUD review and prior to execution and/or recordation without HUD's prior specific approval. As to any document changes required by HUD following its review, I agree to submit an additional letter within ten working days of receipt of preliminary approval by HUD in which I will certify that: (1) the documents have been changed precisely as required by HUD, (2) no additional changes will be made prior to execution and/or recordation of the revised documents.

I further certify that I have advised my client that the

following events will cause HUD to seek a reconveyance to the seller and to seek administrative sanctions for an unauthorized transfer of physical assets: (1) execution and/or recordation (without HUD's prior approval) of documents which vary in any degree from the documents submitted for HUD review with this letter, and (2) execution and/or recordation of the documents submitted for HUD review prior to HUD approval of the transfer of physical assets application.

Sincerely,

Attachments





Attorney's Certification of Changes

U. S. Department of Housing and Urban Development

Subject: Project Name:
Project Number:
Project Location:

Dear: ______________________________

This firm represents the purchaser of the above referenced project. This letter is submitted in connection with the application for transfer of physical assets of the project.

During HUD's review of the TPA application, HUD required changes to the following transfer documents (list all documents). Regarding those changes, I certify that: (1) the documents have been changed precisely as required by HUD and (2) no additional changes will be made prior to execution and/or recording of the revised documents.

Sincerely,





PROCEDURES FOR PROCESSING A MODIFIED REVIEW TRANSFER

CONTENTS OF APPENDIX B

I. TYPES OF TRANSFERS REQUIRING A MODIFIED REVIEW

II. DOCUMENTATION REQUIRED FOR A MODIFIED REVIEW

III. PROCESSING A MODIFIED REVIEW

I. Types of Transfers Recruiting a Modified Review:
The following types of transfers require a limited review. A transfer fee of $0.50 per $1,000 of the face amount of the original mortgage is charged for transactions covered by A or C below, as required by 24 CFR 207.1(h). TPA applications that do not include the fee will be returned unprocessed.

A. A single transfer of in excess of 50 percent of the interests of a partnership/mortgagor which does not cause a dissolution of the partnership under applicable state law.

B. Substitution of one or more general partners of a partnership/mortgagor.

C. A single transfer of an amount in excess of 50 percent of the corporate stock of a corporate mortgagor or a single transfer of an amount less than 50 percent of the total corporate stock of a corporate mortgagor where such transfer results in a change in control of the corporate mortgagor.

D. A single transfer of an amount in excess of 50 percent of the corporate stock of a corporate General Partner or a single transfer of an amount less than 50 percent of the corporate stock of a corporate General Partner where such transfer results in a change of control of the corporate General Partner.

E. Any transaction which does not fall within any of the other categories but which, nevertheless, results in a change of control of the mortgagor.

These categories include not only a single transfer, but a series of transfers which have the same result.

II. Documentation recruited for a modified review:
The following documentation must be submitted by the purchaser to the HUD Field Office when a Modified Review is required.

A. Documentation required for ALL transfers subject to modified review:





1. The mortgagor must notify the Field Office in writing that the transaction is imminent. A synopsis of the transaction must be provided;

2. Previous Participation (form HUD-2530) application must be submitted for individuals and/or legal entities who will own 25 percent or more of the partnership interests, or 10 percent or more of the corporate stock and for all incoming general partners;

3. A completed form HUD-92458, Rental Schedule and Information on Rental Project must be submitted. The rents may not exceed those last approved by the Field Office, unless the rents have been deregulated;

4. The certification and information required by Notice H 90-17, Combining Low Income Housing Tax Credits (LIHTC) with HUD Programs, as modified by any subsequent HUD notices or requirements; and

5. Sources and Uses of Funds Statement showing ALL funds and ALL expected uses of funds (See Appendix F for a sample format).

   The purchaser must submit a letter addressing the Determinative Criteria of the Notice for all modified TPA's where a significant amount of money will change hands.

6. A copy of the amended partnership agreement for all transactions involving transfers of interests in the owning entity, including the substitution of one or more general partners.

B. Additional Documentation required only for a transfer of 50 percent or more of the corporate entity, corporate General Partner, Partnership or Beneficial trust.

1. The applicant must provide a letter addressing the determinative criteria.





2. The applicant must provide copies of any proposed amendments to the existing partnership agreement and/or additional financing documents.

3. A partnership applicant must submit an attorney's opinion that the transfer does not cause a dissolution of the partnership under applicable state law.

C. Documentation required only for the substitution or addition of one or more general partners.

- A resume of the incoming general partner(s) must be provided.

D. Additional documentation required only for the

transfer of less than 50 percent of the corporate stock, which results in a change in control of the corporate mortgagor or corporate general partner.

1. A meeting between the stock purchaser(s) and the HUD staff in which the following is discussed.

   a. The projects physical and financial condition. If the project is suffering physical, management or financial deficiencies, a plan for remedying the deficiencies will be discussed. A target date for delivery of a written plan for correcting all physical and financial problems will be agreed to by all parties.

   b. The duties of the owner (stockholders) under the Regulatory Agreement and the mortgage documents.

III. Processing a Modified Review. If the Field Office determines that the applicant opted for a modified review to avoid the more stringent requirements of the full review process, the Field Office should impose the appropriate full review requirements, including the preliminary and final approval processing sequences. The Field Office may wish to require interim financial statements, a detailed purchaser's letter, satisfaction of the determinative criteria, (including meeting the project's physical and financial needs) etc. in such cases.





INSTRUCTIONS FOR PREPARATION OF THE APPLICATION OF TRANSFER OF PHYSICAL ASSETS

These instructions are for the preparation of the application for the transfer of physical assets. The application and instructions have been developed to facilitate the expeditious processing of proposals to transfer projects encumbered by HUD-held and HUD-insured mortgages. Parties are cautioned against introducing amendments or deviating from the instructions unless such measures are absolutely necessary to make the entire transaction effective. Nonconforming documents and deficient information will, at best, result in delays and added expense. The final paragraph of this application must be signed by the mortgagee in every instance where the transfer will result in the creation of a lien against the project.

A formal application must be executed by the purchaser, the seller, and normally by the mortgagee. If the mortgagee refuses to execute the application, the reason for such refusal must be known to HUD in writing. Copies of any correspondence to or from the mortgagee must be attached to the application. If the mortgage has not been finally endorsed for insurance, the application will not be accepted without the mortgagee's execution. In instances in which the proposal to transfer involves the creation of a lien against the property, the

mortgagee must consent to the transfer.



The Department of Housing and Urban Development, under 24 CFR 207.1(h), imposes a fee of $0.50 per $1,000 of the original face amount of the mortgage to cover the cost of legal, administrative, and fiscal actions which such a transfer entails. The fee is to be paid with the filing of the application. For applications reviewed by HUD and subsequently withdrawn, the fee paid to HUD will be considered earned and nonrefundable.

The Application of Transfer of Physical assets must be used in connection with transfers of properties encumbered by mortgages insured by HUD as well as by mortgages owned by the Secretary of HUD.





Instructions for Preparation of Required Instruments for Application for Preliminary Approval.

Below is a brief description of the more routine requirements of the TPA application. Please see Appendix A for a more complete description of these and other TPA requirements.

1. Purchaser's Letter Describing Financial Considerations Flowing to Project and to HUD -- This must be a letter from the purchaser describing in full detail all of the financial considerations to flow to the project and to HUD as a result of the transfer. This letter must detail all funds allocated to project operations as well as those funds designated for use in correcting the physical needs of the project. See Appendix A, Purchaser's Letter, for the complete list of items the letter must address.

2. Form HUD-2530 for All Appropriate Parties -- This form must be filed for all general partners, proposed management agents, and individuals and/or entities who own an interest in the project of 25% or more or who own 10% or more of the corporate stock of the corporation owning the project. It must also be filed for new management agents and certain categories of consultants (see HUD Handbook 4065.1).

3. Purchaser's Resume -- This is a self-styled resume which describes the purchaser's background and qualifications to own the project. It should at a minimum, reference all of the purchaser's previous experience in the multifamily housing industry.

4. Purchaser's Personal Financial Statement -- HUD will provide the form to be completed for this purpose (FHA Form 2417).

5. Sources and Application of Funds -- This is to be provided in all cases. See Appendix F for a suggested format.

6. Executed but UNRECORDED Sale Contract, Option Contract, or Land Contract -- All consideration moving to the seller must be recited.

7. Executed Seller/Purchaser Affidavit -- This is a sworn statement to the effect that the sale contract recites all of the consideration moving to the seller or any person identified therewith.

8. Proposed Release and Assumption, and Modification Agreements -- These are to be provided only when the purchaser is assuming the existing Note and Mortgage. These forms are provided by HUD. They are to be completed and signed by the mortgagor and mortgagee and submitted to HUD for execution in preparation for preliminary approval. If the transaction requires the execution of a new Regulatory Agreement, e.g., NP-LD transfer, the purchaser must submit a proposed New Regulatory Agreement. Furthermore, the Modification Agreement, the instrument that incorporates the regulatory agreement into the existing mortgage, should be used in any case where there is a new regulatory agreement. If the transaction does not require the execution of a new Regulatory Agreement, the purchaser must submit a proposed Release and Assumption Agreement.

9. New Proposed Regulatory Agreement -- This is to be provided where the parties are taking subject to the existing Note and Mortgage or as explained at 8 above. The appropriate agreement will be provided by HUD. It must be executed by the Purchaser.

10. Unexecuted Secondary Financing Documents -- These include all notes, deeds of trust, mortgages, financing statements, agreements creating interests in personalty and/or all other agreements evidencing deferred financing except Land Contracts. These documents must conform with outstanding administrative and legal requirements and must be UNEXECUTED.

11. Interim Financial Statement -- The statement of the seller is to be prepared in accordance with HUD Handbook 4370.2 and cover the period from the date of the last annual report furnished to HUD to the date of the application.

12. Pro forma Balance Sheet -- The pro forma balance sheet must reflect the proposed financial structure of the purchaser immediately following the transfer, including all current and fixed assets and liabilities, and all classes of capital stock or shares in the mortgagor entity. The balance sheet must show that the expected

cash on hand will equal or exceed current liabilities and prepaid income. Cash representing security deposits shall be shown in a separate fund as required by the Regulatory Agreement. The balance sheet shall be substantially as prescribed in HUD Handbook 4370.2 and reflect the financial structure as it relates to this property only.

13. Mortgagee Statement of Escrow and Reserve Accounts -- This must be a statement certified by the mortgagee which reflects the balance in the escrow and reserve accounts at the time of application. This is not required where the mortgage is held by HUD.

14. MIO Plan -- This is to be submitted in every instance in which the project to be transferred has physical or financial needs. The purchaser can either use the HUD forms developed for evidencing an improvement plan (Forms HUD-9835, -9835A, -9835B) or the purchaser can develop a form of its own which clearly indicates the improvements and/or contributions to be made and the dates such improvements and/or contributions are to be made.

15. Proposed Management Certification -- This is to be provided where a change of management is proposed.

Preliminary Approval

If upon examination the application and the attached instruments are found in order, preliminary approval will be given to the transaction by the appropriate official at the Area or Multifamily Service Office responsible for processing the application. This approval will be conditioned upon necessary changes in the submitted documents and will authorize the execution of all remaining instruments required.

The mortgagor-seller and purchaser have agreed by the terms of the application to take any steps necessary to reconvey the property to the mortgagor-seller if the terms of the preliminary approval are not met within 45 working days from the date of the issuance of preliminary approval, unless further time is granted by the Commissioner in writing. Until HUD give preliminary approval of the TPA in writing, the transaction may not take place. HUD will prosecute to the fullest extent possible, any unauthorized TPAs.





Application for Final Approval

1. Executed HUD Approved Sale Contract -- This contract must reflect the amendments required at preliminary approval. This contract must be resubmitted with the application for final approval.

2. Executed Secondary Financing Documents -- These documents must reflect the amendments required at preliminary approval.

3. Executed Deed -- Self-explanatory.

4. Executed Bill of Sale and Assignment -- Proposed Bill of Sale and Assignment shall describe all personal property conveyed and should be on the form provided by HUD.

5. Executed Release and Assumption Agreement -- This must be submitted where the mortgagee has consented to the transfer and the purchaser is assuming the mortgage. This must reflect all amendments required at preliminary approval.

6. Executed Modification Agreement -- This must reflect the amendments required at preliminary approval.

7. Title Policy -- If the mortgagor-seller is to be released, a proposed title binder or letter from the company issuing the original mortgagee's policy shall show that after the transfer the mortgage will remain a first lien on the property and the mortgagee will still be protected by a mortgagee's title policy.

8. Mortgagor's Oath - (Use Form FHA-2478.) Not required for projects insured under Sections 231 or 232 of the National Housing Act.

9. Proposed Rental Schedule (Form HUD-92458) -- A copy of the proposed Rental Schedule and information on Rental Project shall be submitted by purchaser. It shall show the names of all owners, including beneficiaries, stockholders, or general partners. If stock is held by a purchasing corporation, principal stockholders of that corporation shall be shown. The Rental Schedule shall not exceed the





maximum allowable rents approved for the project by the service office director for projects subject to rent regulation. In nursing home and elderly housing cases, use Form HUD-92458-A, appropriately adapted, giving the same information and, in addition, an operating budget.

10. Organizational Documents of Purchaser -- Unless the purchaser is an individual, full details on the entity acquiring the project shall be provided. If the purchaser is a corporation, trust, or partnership, two certified copies of the charter, trust, or partnership agreement should be furnished. In all such cases, the charter or agreement shall show that the corporation, partnership, or trust is authorized to operate the project and execute and be bound by the Regulatory Agreement. The charter, agreement, or other proper document or minutes of meetings should establish clearly the authority of persons executing the Regulatory Agreement and other papers for the purchaser.

11. Regulatory Agreement Executed by Purchaser -- This is to be submitted again with the Application for final approval.

12 Executed Management Certification -- This is to be submitted where a change of management is proposed.





APPLICATION FOR TRANSFER OF PHYSICAL ASSETS

Project Number:______________________________ Date:______

Project Name:_________________________________________

Mortgagor-Seller:_____________________________________

Project Purchaser (includes Form of Ownership, e.g., Individual, Partnership, Corporation, Trust:_________________
______________________________________________________

Mortgagee of Record:__________________________________
Address:______________________________________________

Servicing Agent:______________________________________
Address:______________________________________________

Mortgage Recorded:___________ State:______ County:_______
Date:______________ Book:_____________ Page:__________

To the Secretary, Department of Housing and Urban Development:

The above-named mortgagor-seller and the project purchaser submit herewith the required fee of $_______ and apply to the Department of Housing and Urban Development for permission to transfer the project from the mortgagor to purchaser and, in support of said request represent to the Secretary as follows:

I. All real and personal property of the mortgagor-seller will be conveyed to the purchaser.

II. After the transfer purchaser will own said real and personal property free and clear of all liens, encumbrances or project obligations except the insured mortgagor and those expressly approved by you in writing as to form, content, terms and amount.





In further support of this request there are attached:

Application for Preliminary Approval

1. Purchaser's Letter (See Appendix A for requirements).
2. Form HUD-2530 for all appropriate parties (Certificate of

Previous Participation).

3. Purchaser's Resume.
4. Purchaser's Personal Financial Statement.
5. Sources and Application of Funds.
6. Executed but Unrecorded Sale Contract, Option Contract, or Land Contract.
7. Executed Seller's/Purchaser's Affidavit.
8. If Parties Assume Existing Notes and Mortgage:
   Where change in the Regulator Agreement is required,
   Proposed New Regulatory Agreement
   Proposed Modification Agreement
   Where no change in the Regulatory Agreement is required,
   Release and Assumption Agreement
9. If Parties Take Subject to Existing Note and Mortgage:
   New Proposed Regulatory Agreement
10. Where Secondary Financing is Involved:
    All unexecuted secondary financing documents (notes, deeds of trust, mortgages)
11. Interim Financial Statements.
12. Pro forma Balance Sheet.
13. Mortgagee Statement of Escrow and Reserve Accounts.
14. MIO Plan, as Appropriate.
15. Proposed Management Certification and 2530 for Management Agent (and Entity Profile, if appropriate).
16. Proposed but Unrecorded Deed.
17. Proposed Bill of Sale and Assignment.
18. Title Report.
19. Proposed Mortgagor's Oath.
20. Proposed Rental Schedule.
21. Executed Organizational Documents of Purchaser.
22. Attorney's Certification.
23. Byrd Amendment Certification

It is understood and agreed that within 45 working days of the issuance of preliminary approval the following attachments will, with such changes as you may require and no others, be delivered to you. Unless said documentation is delivered to HUD within the specified (45 working days) or unless further time for completing the transaction is granted in writing by you. HUD may require that the TPA be unwound and any interest already conveyed in the property be reconveyed to the above-named mortgagor.





Application for Final Approval

1. The following executed, or executed and recorded, documents must be submitted as previously approved by HUD for execution and recordation:

   (1) Executed HUD-approved Sale Contract.
   (2) Executed secondary financing documents (e.g. notes, deeds of trust, security instruments, etc.).
   (3) Executed Deed.
   (4) Executed Bill of Sale and Assignment.
   (5) Executed Release and Assumptions Agreement.
   (6) Executed Modification Agreement.
   (7) Title Policy.
   (8) Mortgagor's Oath.