cc: Michael Polsinelli, Attorney

**U.S. Department of Housing and Urban Development**

Michigan State Office
Office of Housing
Patrick V. McNamara Federal Building
477 Michigan Avenue
Detroit, MI 48226-2592
Tel. (313) 226-6280

June 29, 1999

Dr. Ben Alli
BSA & Associates
P.O. Box 36081
Grosse Pointe, MI 48236

**SENT VIA REGULAR & CERTIFIED MAIL**

RE: Notice of Termination of Housing Assistance Payments Contract: Contract No. MI28-E000-049, Riverside Apartments, Detroit, MI, Project No. 044-AC019

Dear Dr. Alli:

**Declaration of Default:**

This letter constitutes formal notice by the United States Department of Housing and Urban Development (HUD) that the above referenced Housing Assistance Payments (HAP) Contract is hereby terminated due to the failure of BSA and Associates (the "Owner") to comply with the terms of said contract.

Title 24 of the Code of Federal Regulations, Section 886.307, requires that units assisted under the Property Disposition Set-Aside program must meet housing quality standards (HQS) as outlined in said section. Due to the Owner's failure to maintain the property according to regulations and the terms of the HAP contract, HAP contract number MI28-E000-049 is hereby terminated.

**Background Information:**

HUD has compiled a detailed administrative record evidencing the Owner's failure to abide by the contract terms. An initial inspection of the property was conducted on May 15 and 16, 1997 and subsequent inspections on August 8, 1997, January 23, 1998, December 9, 1998, and December 16, 1998 revealed that the project's common areas and assisted units were not being maintained according to HUD's housing quality standards. By letter dated December 18, 1998, the Owner was informed that HUD would abate the HAP payments for the assisted units at Riverside Apartments. By letter dated December 23, 1998, the Owner was notified that due to the deplorable condition of Riverside Apartment, the residents receiving the benefit of Section 8 assistance would be relocated to more suitable housing. Since that time, the relocation effort has been completed, as such, the HAP Contract now warrants termination.

**A0916**

**Legal Authority for Termination:**

Section 2.5 (a) of the HAP Contract states in pertinent part:

> The Owner agrees to maintain and operate the Contract Units, unassisted units, if any, and related facilities to provide Decent, Safe and Sanitary housing...If the CA (i.e. HUD) determines that the Owner is not meeting one or more of these obligations, the CA (HUD) shall have the right to take action under section 2.21(b).

As discussed above, the Owner has repeatedly been notified by HUD of its failure to abide by the contract terms. Section 2.21 pertains to an Owner's default under the HAP Contract. This section states in pertinent part at subpart (b) <u>Rights of PHA and HUD if Owner Defaults under Contract</u>:

> (1) <u>Events of Default.</u> A default by the Owner under this Contract shall result if: (i) The Owner has violated or failed to comply with any provision of, or obligation under, this Contract...including failure to correct any deficiencies identified by the CA (HUD) in connection with any annual or other inspection; or (ii) The Owner has asserted or demonstrated an intention not to perform some or all of its obligations under this Contract...

In the instant case, the Owner has violated and failed to comply with Section 2.5(a) of the HAP Contract which requires the Owner to provide decent, safe and sanitary housing for its residents. Despite being given numerous opportunities to correct the noted deficiencies, the Owner has failed and/or refused to comply with the terms of the HAP Contract. The Owner's failure/refusal to correct the noted deficiencies, despite repeated opportunities to do so, has shown that the Owner has "demonstrated an intention not to perform some or all of its obligations under this Contract."

Section 2.21 (b)(2) sets forth the steps that HUD must take when a default by the Owner has occurred under the HAP Contract. These steps include:

1. Notify the Owner of the nature of the default;

2. Notify the Owner of the actions required to be taken and the remedies to be applied on account of the default;

3. The time within which the Owner shall respond with a showing that all required actions have been taken.

The HAP Contract states that if the Owner fails to respond to the notice of default, HUD may terminate the contract. In the instant case, the Owner was notified by letter dated June 27, 1997, that it was in default of its contractual obligations under the HAP Contract. The default letter included a copy of the inspection results from the inspection of May 15 and 16, 1997. The Owner was given 30 days to make the necessary repairs/corrections and was informed that failure to do so will result in termination of the HAP contract as well as other remedies available to HUD under the HAP Contract. Numerous other letters were sent to the Owner after each HUD reinspection; unfortunately, the owner failed and/or refused to correct the deficiencies cited by HUD.

A0917

Because of the reasons cited above and due to the Owner's continued wilful breach of its obligations under the contract, HAP Contract number MI28-EE000-049, between BSA and Associates and the United States Department of Housing and Urban Development, is hereby terminated as of the 29th day of June, 1999.

Sincerely,

Robert M. Brown
Director, Multifamily Hub
Michigan State Office

bcc: Sheila Y. walker, Chief Counsel
Mary Owens, Director, Project Management
Silas Polk, Project Manager
Patrick Berry, Project Manager
√ Michael Polsinelli, Attorney
Carrie Johnson, Multifamily Hub

FC: multifamily enforcement 5.27
FC: chron
FC: polsinelli/6/28/99

| CONCUR: | POLSINELLI | BERRY | WALKER |
|---|---|---|---|
| | 6-28-99 | 6/28/99 | 6/28/99 |

A0918