IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BENJAMIN & SHAKI ALLI AND BSA CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | No. 01-669C<br>(Judge Allegra) |

DEFENDANT'S RESPONSE TO PLAINTIFFS'
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully responds to plaintiffs' proposed findings of uncontroverted fact.

Proposed Finding:

1. The real properties commonly known as: (1) 1730 Magnolia, Detroit, Michigan, (2) 1800 Magnolia, Detroit, Michigan, (3) 1830 Magnolia, Detroit, Michigan, and (4) 1831 Hazel, Detroit, Michigan are collectively referred to as the "Riverside" property.

Response:

1. Undisputed.

Proposed Finding:

2. The real properties commonly known as: (1) 1610 Collingwood, Detroit, Michigan and (2) 1635 Calvert, Detroit, Michigan are collectively referred to as the "Collingwood" property.

Response:

2. Undisputed.

Proposed Finding:

3. The real properties commonly known as: (1) 2211 Pingree and (2) 2987 Gladstone are collectively referred to as the "Pingree" property.

Response:

3. Undisputed.

Proposed Finding:

4. On June 8, 1989, Benjamin Alli, doing business as BSA and Associates, entered into a 15-year housing assistance payments contract (hereinafter "Riverside HAP contract") with the Department of Housing and Urban Development (hereinafter "HUD") for the Riverside property. *See* ***Exhibit 1*** *- Defendant's Counter Complaint, paragraph 58 and* ***Exhibit 2*** *- Riverside HAP contract.*

Response:

4. Undisputed, however, exhibit 2 to plaintiffs' proposed findings of uncontroverted fact is not the Riverside HAP contract. It is the Riverside regulatory contract.

Proposed Finding:

5. BSA Corporation (hereinafter "BSA") purchased the Collingwood property from HUD on June 8, 1989.

Response:

5. Undisputed.

Proposed Finding:

6. At the time of the purchase of the Collingwood property, the housing assistance payment contract (hereinafter "Collingwood HAP contract") for the Collingwood property was assigned to BSA. *See* ***Exhibit 1*** *- Defendant's Counter Complaint, paragraph 73 and* ***Exhibit 3*** *- Collingwood HAP contract*.

Response:

6. Undisputed, however, exhibit 3 to plaintiffs' proposed findings of uncontroverted fact does not support this proposition and is not the Collingwood HAP contract. Instead, it is an extension of the Collingwood HAP contract.

Proposed Finding:

7. On August 13, 1999 HUD and BSA entered into an extension of the Collingwood HAP contract, which expired on March 15, 2000. ***Exhibit 4***.

Response:

7. Undisputed, however, exhibit 4 to plaintiffs' proposed findings of uncontroverted fact does not support this proposition.

Proposed Finding:

8. On August 24, 1983, Benjamin Alli, doing business as BSA and Associates, entered into a housing assistance payments contract (hereinafter "Pingree HAP contract") for the Pingree property. *See* ***Exhibit 1*** *- Defendant's Counter Complaint*

*paragraph 103 and* ***Exhibit 5*** *- Pingree HAP contract.*

Response:

8. Disputed. On or around August 25, 1983, Benjamin Alli and Shaki Alli entered into a housing assistance payments contract for the Pingree property. See Def. Answer and Countercl. ¶ 103; Def. Mot. Summ. J. App. 27.

Proposed Finding:

9. Following the expiration of the original Pingree HAP contract, Benjamin Alli and HUD entered into a series of extensions, the last one dated March 1, 2000. ***Exhibit 6.***

Response:

9. Disputed. Following the expiration of the original Pingree HAP contract, Benjamin and Shaki Alli and HUD entered into a series of extensions of the original HAP contract. The last extension was entered on or around March 1, 2000. See Def. Mot. Summ. J. App. 27, 70.

Proposed Finding:

10. Each of the HAP contracts incorporated HUD's Regulatory Agreement, which became part of the contract between the parties. ***Exhibits 2, 3, and 5*** *- paragraphs 1.5.*

Response:

10. The statements contained in paragraph 10 are not findings of fact, but are conclusions of law to which no response is required. To the extent they are deemed findings of fact,

they are disputed. The HAP contracts and regulatory agreements speak for themselves. Moreover, no regulatory agreement was entered into by plaintiffs and HUD regarding the Riverside apartments.

Proposed Finding:

11. Each parties' rights and obligations (for all three properties) arise only out of the HAP contracts and the Regulatory Agreements. ***Exhibits 2, 3, and 5*** - *paragraphs 1.1(g).*

Response:

11. The statements contained in paragraph 11 are not findings of fact, but are conclusions of law to which no response is required. To the extent they are deemed findings of fact, they are disputed. The HAP contracts and regulatory agreements speak for themselves. Moreover, no regulatory agreement was entered into by plaintiffs and HUD regarding the Riverside apartments.

Proposed Finding:

12. HUD terminated the Plaintiffs' HAP contracts on each of the properties.

Response:

12. Undisputed. As a result of plaintiffs' failure to maintain the three properties at issue in decent, safe and sanitary conditions, HUD terminated all three HAP contracts in accordance with the terms of those contracts. Def. Mot. Summ. J.

App. 24-25, 55-56, 95-96.

Proposed Finding:

13. The Defendant's counterclaims arise solely out of an alleged breach of each of the three HAP contracts.

Response:

13. Disputed. Defendant's counterclaims arise out of the Collingwood HAP contract, Collingwood regulatory agreement, Riverside HAP contract, Pingree HAP contract, Pingree regulatory agreement and applicable laws and regulations. See Def. Answer and Countercl. ¶ 53-146.

Proposed Finding:

14. Because Shaki Alli was not a party to the Riverside or Collingwood HAP contracts, she cannot be liable for any of the alleged damages asserted by the Defendant in its counterclaims.

Response:

14. The statements contained in paragraph 14 are not findings of fact, but are conclusions of law to which no response is required. To the extent they are deemed findings of fact, they are disputed. The HAP contracts speak for themselves.

Moreover, The issues of liability and damages have been bifurcated in this case. Accordingly, discovery regarding the issue of damages has not yet been conducted by the parties. Notwithstanding, defendant believes that Benjamin Alli, Shaki Alli and BSA Corporation are all the same entity and that

corporate formalities were not followed in conducting the business of BSA Corporation. Therefore, if the Court finds BSA Corporation liable upon any of defendant's counterclaims regarding the Collingwood apartments, defendant expects to argue, during the damages phase of this case, that BSA Corporation's corporate veil should be pierced, and Benjamin and Shaki Alli should be held liable, as individuals, for any damages awarded to defendant.

Proposed Finding:

15. Because Benjamin Alli was not a party to the Collingwood HAP contract, he cannot be liable for any of the alleged damages asserted by the Defendant in its second counterclaim.

Response:

15. The statements contained in paragraph 15 are not findings of fact, but are conclusions of law to which no response is required. To the extent they are deemed findings of fact, they are disputed. The Collingwood HAP contract speaks for itself.

Moreover, the issues of liability and damages have been bifurcated in this case. Accordingly, discovery regarding the issue of damages has not yet been conducted by the parties. Notwithstanding, defendant believes that Benjamin Alli, Shaki Alli and BSA Corporation are all the same entity and that

corporate formalities were not followed in conducting the business of BSA Corporation. Therefore, if the Court finds BSA Corporation liable on any of defendant's counterclaims regarding the Collingwood apartments, defendant expects to argue, during the damages phase of this case, that BSA Corporation's corporate veil should be pierced, and Benjamin and Shaki Alli should be held liable, as individuals, for any damages awarded to defendant.

Proposed Finding:

16. Even if the Defendant was to prove that Plaintiffs breached the HAP contract and/or the Regulatory Agreements, neither the HAP contracts nor the Regulatory Agreements provide for reimbursement of relocation expenses as a result of Plaintiffs' alleged breach.

Response:

16. The statements contained in paragraph 16 are not findings of fact, but are conclusions of law to which no response is required. To the extent they are deemed findings of fact, they are disputed. The HAP contracts and regulatory agreements speak for themselves.

Moreover, section 2.21(c) of the Riverside and Pingree HAP contracts and section 20(c) of the Collingwood HAP contract allow HUD to seek any remedy available under the law. Def. Mot. Summ. J. App. 25, 57, 96. Finally, if the Court finds that plaintiffs

breached the HAP and regulatory contracts, defendant will be entitled to any damages that were foreseeable at the time of contracting, whether such damages were explicitly provided for in the contracts.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Mark A. Melnick by Frank E. White, Jr.
MARK A. MELNICK
Assistant Director

/s Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel. (202) 307-1011
Fax. (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

Thomas G. Massouras
Office of General Counsel
U.S. Department of Housing & Urban Development
77 West Jackson Boulevard
Suite 2629
Chicago, Illinois 60604

August 29, 2005