UNITED STATES OF AMERICA

COURT OF FEDERAL CLAIMS

BENJAMIN ALLI, SHAKI ALLI and
BSA CORPORATION, a Michigan Corporation

Plaintiffs,

Case No. 01-669C
Judge Francis Allegra

vs.

UNITED STATES OF AMERICA,

Defendant.
_______________________________________/

STEMPIEN & STEMPIEN, PLLC
By: Gregory J. Stempien
Eric Stempien
Attorney for Plaintiff
315 N. Center Street
Suite 200
Northville, MI 48167
(248) 735-9200

DEPARTMENT OF JUSTICE, COMMERCIAL LITIGATION
By: Marla Conneely
Attorney for Defendant
1100 L Street N.W., Room 11054
Washington, DC 20005
(202) 307-0318
_______________________________________/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Plaintiffs, by and through their attorneys, hereby respond to Defendant's Proposed Findings of Uncontroverted Fact:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Plaintiffs admit that Section 4350.1, Chapter 13 of the HUD handbook relates to the Transfer of Physical Assets ("TPA") and the review process,

10. Plaintiffs deny the allegations in paragraph 10 for the reason that term "familiar with" is vague and ambiguous. Plaintiffs further state that Benjamin Alli's reference to the HUD Handbook during his deposition relate only to his request to HUD for a copy of it.

11. Admit.

12. Admit.

13. Admit.

14. Plaintiffs deny the allegations in paragraph 14 and state that the HUD Handbook speaks for itself.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Plaintiffs can neither admit nor deny the allegations in paragraph 25 due to a lack of knowledge, but leave Defendant to its proofs.

26. Plaintiffs admit that Cory Fanning, the prospective purchaser, may not have known HUD's requirements for the sale of the property, but affirmatively state that Mr. Fanning hired GMAC Commercial Mortgage Corporation for the purpose of financing the sale and completing the sale of the property, including obtaining necessary approvals from HUD. ***Exhibit 1*** - *Engagement Letter, page 2, paragraph 1*

27. Plaintiffs admit that Mr. Fanning did not take any steps to request HUD approval, but affirmatively state that GMAC, his agent, did on his behalf. ***Exhibit 1***

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Plaintiffs admit that the revision dated printed on Section 4350.1, Chapter 13 of the HUD Handbook is 9/92.

STEMPIEN & STEMPIEN, PLLC

______________________________
By: Eric Stempien
Attorney for Plaintiffs

Dated: September 7, 2005