NOTICE OF DEFAULT AND FORECLOSURE SALE

**WHEREAS**, on June 18, 1981, a certain Mortgage was executed by Roger S. Marable, d/b/a L & R Realty Company, as the General Partner of L & R Realty Limited Partners, Series I, as mortgagor, in favor of the State of Michigan and the Secretary of Housing and Urban Development, as mortgagee, and was recorded on June 30, 1981 in Liber 21182, Page 561 in the Office of the Register of Deeds of Wayne County, Michigan; and

**WHEREAS**, a default has been made in the covenants and conditions of the Mortgage in that the payment due was not made and remains wholly unpaid as of the date of this notice, and no payment has been made sufficient to restore the loan to currency; and

**WHEREAS**, by virtue of this default, the Secretary of the Department of Housing and Urban Development, an agency and instrumentality of the United States of America ("Secretary"), has declared the entire amount of the indebtedness secured by the Mortgage to be immediately due and payable;

**NOW THEREFORE**, pursuant to powers vested in me by the Multifamily Mortgage Foreclosure Act of 1981, 12 U.S.C. 3701 et seq., by 24 CFR Part 27, and by the Secretary's designation of me as Foreclosure Commissioner, notice is hereby given that on Monday March 13, 2000, at 3:00 p.m., Eastern Standard Time, all real and personal property at or used in connection with the following described premises located at 1610 Collingwood, in Detroit, Michigan (the "Property"), more particularly described in the attached Exhibit A, will be sold at public auction to the highest bidder, subject to conditions set forth in the bid package.

Additional information about this sale, including the terms under which the sale is being conducted, is provided in a bid package which is available from:

U.S. Department of Housing
and Urban Development
801 Cherry Street
Fort Worth, TX 76102
Telephone No. (817) 978-5822
(214) 905-0877

The sale will be held on the first floor of the Wayne County Courthouse, Detroit, State of Michigan, located at the City-County Building, Two Woodward Avenue, Detroit, Michigan 48226.

Also, the successful bidder (other than the Secretary) must receive previous participation clearance in accordance with procedures set out in 24 C.F.R. 200.210 et seq.

All parties in bidding at the sale must obtain a bid package. The bid package contains sample copies of documents that the purchaser must deliver at the sale and copies of documents that the purchaser must execute at closing. The bid package also describes, among other things, the procedure for prorating real estate taxes, and the purchaser's obligations after the sale. In addition, the bid package describes the specific repairs that the purchaser must perform.

When making their bid, all bidders except the Secretary must submit a deposit totaling $50,000 in the form of a certified check or cashier's check made out to the Secretary of HUD. The deposit must be made to the Foreclosure Commissioner prior to the start of the sale. The deposit is non-refundable. The remainder of the purchase price must be delivered within 30 days of the sale or at such other time as the Secretary may determine for good cause shown, time being of the essence. This amount, like the bid deposits, must be delivered in the form of a certified or cashier's check. If the Secretary is the highest bidder, he need not pay the bid amount in cash. The successful bidder will pay all conveyancing fees, all real estate and other taxes that are due on or after the date of closing and all other costs associated with the transfer of title.

Before being accepted as the purchaser, the highest bidder must deliver to the Commissioner, at the time of sale, an executed Acknowledgment by Bidder form. In this form, the highest bidder acknowledges that s/he understands the terms of the sale and the obligations to which s/he will be bound after the sale.

The Secretary may grant an extension of time within which to close. All extensions will be for 30 days, and a fee will be charged which is the greater of 1.5% of the purchase price or HUD's current holding cost. The extension fee shall be paid in the form of a certified or cashier's check made payable to the Secretary of Housing and Urban Development. If the highest bidder closes the sale prior to the expiration of any extension period, the unused portion of the extension fee shall be applied toward the amount due at closing.

If the highest bidder is unable to close the sale within the required period, or within any extensions of time granted by the Secretary, the highest bidder's deposit will be forfeited, and the Commissioner may offer the project to the second highest bidder for an amount equal to the highest price offered by that bidder. All other terms of the sale would remain the same. If the second highest bidder requests the Commissioner's offer, no further offers will be made and the sale will be canceled.

HUD will not provide Section 8 funds with the sale of this project.

WITNESSES:

L. Pahl Zinn, Esq.

Teresa Howard

Scott A. Steinhoff, Esq.
Foreclosure Commissioner

STATE OF MICHIGAN )
) SS:
COUNTY OF OAKLAND )

On this 14th day of February, 2000, before me, a notary public in and for said county, appeared Scott A. Steinhoff, who, being duly sworn, stated that he has executed the foregoing document as his own free act and deed.

Sandra Dillaha,
SANDRA DILLAHA, Notary Public
WAYNE County, MI
My Commission Expires: 5-14-00