IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BENJAMIN & SHAKI ALLI AND BSA CORPORATION,<br>Plaintiffs,<br>v.<br>THE UNITED STATES<br>Defendant. | 01-669C<br>(Judge Allegra) |

DEFENDANT'S RESPONSE TO PLAINTIFFS'
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully responds to plaintiffs' proposed findings of uncontroverted fact filed concurrently with its answer to defendant's motion for partial summary judgment.

Proposed Finding:

1. HUD began foreclosure proceedings on its mortgage on the Collingwood property on October 5, 1999. ***Exhibit 2*** *- Defendant's Counterclaims, p. 12, paragraph 86.*

Response:

1. Undisputed. On October 5, 1999, HUD advised plaintiffs of its intent to foreclose Collingwood and provided plaintiffs 21 days to respond.

Proposed Finding:

2. HUD foreclosed on its mortgage for the Collingwood property in March, 2000 and sold the Collingwood property at

auction for approximately $80,0000. ***Exhibit 3*** *- Notice of Foreclosure and* ***Exhibit 4*** *- Deposition of Cory Fanning, p. 34, lines 10-11.*

Response:

2. It is undisputed that HUD held a foreclosure sale on the Collingwood apartments on March 13, 2000, pursuant to the Multifamily Mortgage Foreclosure Act, 12 U.S.C. § 3701 et seq., and 24 C.F.R. Part 27, Subpart A. Because HUD was the sole bidder for the property, HUD became the owner of the Collingwood apartments. See Def. Answer and Countercl. ¶ 97. The remaining statements in paragraph 2 are disputed for lack of knowledge or information sufficient to form a belief, at the time of this filing, as to whether HUD purchased the Collingwood apartments from itself for approximately $80,000.

Proposed Finding:

3. HUD's foreclosure and sale of Collingwood property [sic] violated its own regulations, which require that HUD "encourage sale, by the mortgagor, as an alternative to foreclosure." The regulations further require that the "encouragement of a sale . . . Should be by active (if possible face-to-face) and direct methods rather than passively subsuming it in the text of a letter without explanation or elaboration." ***Exhibit 5*** *- HUD Mortgage Servicing Handbook, p. 5-1, paragraphs 5-1(A) and 5-1(C).*

Response:

3. The statements contained in paragraph 3 are not findings of fact, but are conclusions of law to which no response is required. To the extent they are deemed findings of fact, they are disputed. The regulations speak for themselves.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick by Frank E. White, Jr.
MARK A. MELNICK
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel. (202) 307-1011
Fax. (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

Thomas G. Massouras
Sol T. Kim
Office of General Counsel
U.S. Department of Housing & Urban Development
77 West Jackson Boulevard
Suite 2629
Chicago, Illinois 60604

September 14, 2005