UNITED STATES OF AMERICA

COURT OF FEDERAL CLAIMS

BENJAMIN ALLI, SHAKI ALLI and
BSA CORPORATION, a Michigan Corporation

Plaintiffs, Case No. 01-669C
Judge Francis Allegra

vs.

UNITED STATES OF AMERICA,

Defendant.
_______________________________________/

STEMPIEN & STEMPIEN, PLLC
By: Gregory J. Stempien
Eric Stempien
Attorney for Plaintiff
315 N. Center Street
Suite 200
Northville, MI 48167
(248) 735-9200

DEPARTMENT OF JUSTICE, COMMERCIAL LITIGATION
By: Marla Conneely
Attorney for Defendant
1100 L Street N.W., Room 11054
Washington, DC 20005
(202) 307-0318
_______________________________________/

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Defendant, in its response to Plaintiffs' Motion for Partial Summary Judgment fails to establish a question of material fact that: (1) Shaki Alli was a party to the Riverside HAP contract or the Collingwood HAP contract, (2) Benjamin Alli was a party to the Collingwood HAP contract and (3) any of the HAP contracts provide for, or even contemplate, that HUD is entitled to

reimbursement for relocation expenses as a result of an alleged breach of contract. Therefore, partial summary judgment is appropriate.

## I. THE GOVERNMENT CONCEDES THAT SHAKI ALLI WAS NOT A PARTY TO RIVERSIDE AND COLLINGWOOD HAP CONTRACTS AND BENJAMIN ALLI WAS NOT A PARTY TO COLLINGWOOD HAP CONTRACT

In its response, the United States concedes that neither Shaki Alli nor Benjamin Alli are parties to the Collingwood HAP contract and that Shaki Alli is not a party to the Riverside HAP contract. It attempts to maintain its counterclaims against these two individual plaintiffs on two theories: (1) piercing the corporate veil and (2) the individual Plaintiffs have brought a breach of contract claim for Riverside and Collingwood.

Addressing these issues in reverse order, Plaintiffs concede that if this Court adopts the argument of the Plaintiffs as stated in their Motion for Partial Summary Judgment, it would vitiate Shaki Alli's breach of contract claim regarding the Collingwood HAP contract (Count V of Plaintiffs' Second Amended Complaint), her claim regarding the Collingwood mortgage contract (Count III) and her claim regarding the Riverside HAP contract (Count II). It would further vitiate Benjamin Alli's breach of contract claim regarding the Collingwood HAP contract (Count V) and his claim regarding the Collingwood mortgage contract (Count III).

The government also claims that this Court should pierce the corporate veil and hold Shaki Alli and Benjamin Alli personally responsible for the alleged debts of BSA Corporation. Such a finding would be contrary to the law and the facts. "The law treats a corporation as a separate entity from its shareholders, even where one individual owns all of the corporation's stock". *Rymal v. Baergen*, 262 Mich. App. 274, 293; 686 NW2d 241 (2004) Further, the ***only*** basis for allowing the

rare remedy of piercing the corporate veil is if the corporate form itself is used to commit a fraud or wrong. *Foodland Distributors v. Al-Naimi,* 220 Mich App 453; 559 NW2d 379 (1996) Fraud must be proven by clear and convincing evidence. *Id.*

In its counterclaims, and in its response brief (see page 6) the only claim by the United States is that BSA Corporation breached its contract with HUD.[1] "There is no single rule delineating when the corporate entity may be disregarded. [citation omitted] ... the entire spectrum of relevant fact forms the background for such an inquiry, and the facts are to be assessed in light of the corporation's economic justification to determine if the corporate form has been abused." *Id* A breach of contract is not the type of wrong contemplated by the rules set forth to determine whether or not the corporate form should be pierced. In the *Foodland* opinion, the Michigan Court of Appeals conducts a long analysis of the frauds committed by the individual defendants before determining that the corporate veil should be breached. (See also *Rymal, supra*; *SCD Chemical v. Medley*, 203 Mich App 374; 512 NW2d 86 (1994))

Further, the claim that the Allis used the corporate structure for the purpose of committing a fraud is a baseless accusation. The only issue in this matter is whether or not the properties at issue were decent, safe and sanitary as those terms are defined by the contracts. The government alleges that Shaki Alli and Benjamin Alli are personally responsible for the relocation expenses because: (1) they received payment from BSA Corporation, (2) their children received payment from BSA Corporation and (3) they encumbered the property by granting a mortgage to an investment company. Those issues, to the extent that they are intended to establish a cause of action for fraud,

---

1 Please see Exhibit 1 of Plaintiffs' Motion for Partial Summary Judgment for Defendant's Counterclaims. Defendant does not allege fraud, and apparently is not alleging fraud, as its response only refers to the alleged breach of contract.

were not pled by Defendant in its counterclaims. Therefore, they are not relevant to the issue of whether BSA Corporation breached the Riverside HAP contract or the Collingwood HAP contract. Defendant's last minute attempt to enlarge the issues in this case is simply grasping at straws.

The fact that the Allis or their children received payments from BSA Corporation is not an indication of fraud. In fact, HUD itself approves of payments to the owners of the property. HUD's Management Agent Handbook provides the regulations for payments to owners. Section 6.37(a) states "HUD allows owners to charge certain management costs to the project's operating account". ***Exhibit 1*** Further, Section 6.38(a)(1) states:

> Reasonable expenses incurred for front-line activities may be charged to the project operating account…Front-line activities include:
>
> - taking applications;
> - screening, certifying and recertifying residents;
> - maintaining the project;
> - accounting for project income and expenses.
>
> ***Exhibit 1***

Clearly there is nothing sinister or fraudulent, or even unusual, about payments made out of the operating account to the Allis or their children. These functions are obviously inherent in the task of owning and operating government subsidized housing. The government's claim that these payments are indicative of fraud is without merit.

With regard to the Allis' children, the Defendant even admits in its brief that the only testimony in this case was that the children were paid for work they performed for the properties. There is no evidence to the contrary and the government's brief contains only accusations that the payments were somehow improper, not evidence.

Defendant raises two peripheral arguments in support of its position that Shaki Alli should be

personally responsible for the relocation expenses. With regard to the first issue, Defendant states "evidence obtained in discovery shows that Mrs. Alli did business as BSA and Associates and had an ownership interest in the Riverside apartments." Incredibly, while the Defendant states that there is evidence that Shaki Alli did business as BSA and Associates, it provides none. The ***only*** evidence produced in this matter regarding the ownership of BSA and Associates shows that Benjamin Alli is the owner of that assumed name.[2] The second peripheral argument is that Shaki Alli referred to the properties as belonging to her and her husband during her deposition. Certainly, stating ownership of something does not make it so. The counterclaims of the Defendant relate only to the contracts for the three properties. This Court must determine the proper parties to those claims. Defendant relies on the verbal statements of Shaki Alli that the properties belong to her and her husband, while the Plaintiffs refer to the contracts, which speak for themselves. Shaki Alli is not a party to the Riverside or Collingwood HAP contracts and Benjamin Alli is not a party to the Collingwood HAP contract. Nothing stated in the Defendant's brief changes those facts.

## II. THE HAP CONTRACTS DO NOT PROVIDE DEFENDANT WITH THE REMEDY IT SEEKS

Plaintiffs rely on their brief attached to their Motion for Partial Summary Judgment in support of the claim that HAP contracts do not provide for the remedy the government seeks. However, Plaintiffs would indicate that this argument is not premature and is ripe for this Court's determination. First, it involves the question of whether Defendant is entitled to any damages at all, not the amount of the damages. Therefore, bifurcation of this matter is not relevant. Second, a decision would impact the issues to be tried, thereby allowing a more efficient trial.

---

2 See Exhibit 8 to Plaintiffs' Motion for Partial Summary Judgment, the Certificate of Assumed Name.

**CONCLUSION**

Because there is no question of material fact that: (1) Shaki Alli is not a party to the Collingwood and Riverside HAP contracts, (2) Benjamin Alli is not a party to the Collingwood HAP contract, (3) piercing the corporate veil is not appropriate and (4) the HAP contracts do not provide the remedy that Defendant seeks in its counterclaims, summary judgment is proper as requested in Plaintiffs' Motion for Partial Summary Judgment.

STEMPIEN & STEMPIEN, PLLC

______________________________
By: Eric Stempien
Attorney for Plaintiff

Dated: September 14, 2005