cc: Michael Polsinelli, Attorney

U.S. Department of Housing and Urban Development

Michigan State Office
Office of Housing
Patrick V. McNamara Federal Building
477 Michigan Avenue
Detroit, MI 48226-2592
Tel. (313) 226-6280

June 29, 1999

Dr. Ben Alli
BSA & Associates
P.O. Box 36081
Grosse Pointe, MI 48236

**SENT VIA REGULAR & CERTIFIED MAIL**

RE: Notice of Termination of Housing Assistance Payments Contract:
Contract No. MI28-E000-049, Riverside Apartments, Detroit, MI,
Project No. 044-AC019

Dear Dr. Alli:

**Declaration of Default:**

This letter constitutes formal notice by the United States Department of Housing and Urban Development (HUD) that the above referenced Housing Assistance Payments (HAP) Contract is hereby terminated due to the failure of BSA and Associates (the "Owner") to comply with the terms of said contract.

Title 24 of the Code of Federal Regulations, Section 886.307, requires that units assisted under the Property Disposition Set-Aside program must meet housing quality standards (HQS) as outlined in said section. Due to the Owner's failure to maintain the property according to regulations and the terms of the HAP contract, HAP contract number MI28-E000-049 is hereby terminated.

**Background Information:**

HUD has compiled a detailed administrative record evidencing the Owner's failure to abide by the contract terms. An initial inspection of the property was conducted on May 15 and 16, 1997 and subsequent inspections on August 8, 1997, January 23, 1998, December 9, 1998, and December 16, 1998 revealed that the project's common areas and assisted units were not being maintained according to HUD's housing quality standards. By letter dated December 18, 1998, the Owner was informed that HUD would abate the HAP payments for the assisted units at Riverside Apartments. By letter dated December 23, 1998, the Owner was notified that due to the deplorable condition of Riverside Apartment, the residents receiving the benefit of Section 8 assistance would be relocated to more suitable housing. Since that time, the relocation effort has been completed, as such, the HAP Contract now warrants termination.

**Legal Authority for Termination:**

Section 2.5 (a) of the HAP Contract states in pertinent part:

> The Owner agrees to maintain and operate the Contract Units, unassisted units, if any, and related facilities to provide Decent, Safe and Sanitary housing...If the CA (i.e. HUD) determines that the Owner is not meeting one or more of these obligations, the CA (HUD) shall have the right to take action under section 2.21(b).

As discussed above, the Owner has repeatedly been notified by HUD of its failure to abide by the contract terms. Section 2.21 pertains to an Owner's default under the HAP Contract. This section states in pertinent part at subpart (b) Rights of PHA and HUD if Owner Defaults under Contract:

> (1) Events of Default. A default by the Owner under this Contract shall result if: (i) The Owner has violated or failed to comply with any provision of, or obligation under, this Contract...including failure to correct any deficiencies identified by the CA (HUD) in connection with any annual or other inspection; or (ii) The Owner has asserted or demonstrated an intention not to perform some or all of its obligations under this Contract...

In the instant case, the Owner has violated and failed to comply with Section 2.5(a) of the HAP Contract which requires the Owner to provide decent, safe and sanitary housing for its residents. Despite being given numerous opportunities to correct the noted deficiencies, the Owner has failed and/or refused to comply with the terms of the HAP Contract. The Owner's failure/refusal to correct the noted deficiencies, despite repeated opportunities to do so, has shown that the Owner has "demonstrated an intention not to perform some or all of its obligations under this Contract."

Section 2.21 (b)(2) sets forth the steps that HUD must take when a default by the Owner has occurred under the HAP Contract. These steps include:

1. Notify the Owner of the nature of the default;
2. Notify the Owner of the actions required to be taken and the remedies to be applied on account of the default;
3. The time within which the Owner shall respond with a showing that all required actions have been taken.

The HAP Contract states that if the Owner fails to respond to the notice of default, HUD may terminate the contract. In the instant case, the Owner was notified by letter dated June 27, 1997, that it was in default of its contractual obligations under the HAP Contract. The default letter included a copy of the inspection results from the inspection of May 15 and 16, 1997. The Owner was given 30 days to make the necessary repairs/corrections and was informed that failure to do so will result in termination of the HAP contract as well as other remedies available to HUD under the HAP Contract. Numerous other letters were sent to the Owner after each HUD reinspection; unfortunately, the owner failed and/or refused to correct the deficiencies cited by HUD.

Because of the reasons cited above and due to the Owner's continued wilful breach of its obligations under the contract, HAP Contract number MI28-EE000-049, between BSA and Associates and the United States Department of Housing and Urban Development, is hereby terminated as of the 29th day of June, 1999.

Sincerely,

Robert M. Brown
Director, Multifamily Hub
Michigan State Office

bcc: Sheila Y. walker, Chief Counsel
Mary Owens, Director, Project Management
Silas Polk, Project Manager
Patrick Berry, Project Manager
√ Michael Polsinelli, Attorney
Carrie Johnson, Multifamily Hub

FC: multifamily enforcement 5.27
FC: chron
FC: polsinelli/6/28/99

CONCUR: POLSINELLI 6-28-99 BERRY 6/28/99 WALKER 6/28/99

U.S. Department of Housing and Urban Development

Michigan State Office
Office of Housing
Patrick V. McNamara Federal Building
477 Michigan Avenue
Detroit, MI 48226-2592
Tel. (313) 226-6280

**SENT VIA REGULAR AND CERTIFIED MAIL**

DEC 18 1998

Dr. Ben Alli
BSA & Associates
PO Box 36081
Grosse Pointe Park, MI 48236

Subject: Notice of Section 8 Suspension and Abatement
Project #044-AC019, Section 8 Contract No. MI28-E000-049
Riverside Apartments, Detroit, Michigan

Dear Dr. Alli:

This letter will constitute formal notice by the U.S. Department of Housing and Urban Development (HUD) that you are in violation of your Housing Assistance Payments (HAP) Contract MI28-E000-049, paragraphs 1.1 (e)(3) and 2.5(a). Paragraph 2.5(a) states:

> *"The Owner agrees to maintain and operate the Contract Units unassisted units, if any, and related facilities to provide Decent, Safe, and Sanitary housing including the provision of all the services, maintenance and utilities..."*

On December 16, 1998 the United States Department of Housing and Urban Development (HUD) conducted a Housing Quality Standards (HQS) re-inspection on the subject property. The original inspection was performed on May 15 and 16, 1997 with follow-up inspections on August 8, 1997, January 23, 1998, and December 9, 1998. After each inspection you were advised by letter of violations noted. In a facsimile to HUD dated December 14, 1998, you certified that repairs at Riverside were done.

The re-inspection on December 16, 1998 revealed that:

1. The aluminum covering over the deteriorated concrete trim near the top of the building at 1730 Magnolia has not been repaired. The safety hazard of falling debris from above still remains.

2. The sidewalk at southeast corner of 1800 Magnolia has been haphazardly repaired; however, the trip hazard leading from west entrance of 1800 Magnolia towards 1830 Magnolia

still remains. The repair work performed does not remove the trip hazard. There still remain several trip hazards around the property.

3. The metal poles sticking out of ground between 1800 Magnolia and 1831 Hazel are still in place. The metal poles sticking out of ground between 1831 Hazel and 1830 Magnolia are still in place.

4. The sewer in the basement of 1831 Hazel was no longer backing up into the basement, but the drain pipe in the ceiling coming from apartment 103 above the drain was leaking onto the floor.

5. The interiors of approximately 18 units were inspected. None of the units inspected passed HQS. Each unit failed HQS because of either roach infestation, inoperative stove burners, inoperative range hood fans, inoperative or missing garbage disposals, inoperative bathroom exhaust fan, trip hazards in unit, inoperative or missing smoke detectors, broken windows, inoperative duplex plugs, defective cabinets, or a combination of the above mentioned violations. This is only a sample of the violations noted.

On June 27,1997, you were notified that all units at Riverside Place apartments failed to meet Housing Quality Standards (HQS). On March 16, 1998, you were notified that due to continued violation of your HAP contract obligations a portion of the Section 8 Housing Assistance Payments were being suspended and abated. Since you still remain in violation of your HAP Contract, effective this date, December 18, 1998, the Section 8 Housing Assistance Payments for the remaining units at Riverside are hereby suspended and abated pursuant to 24 CFR Part 886 Subpart C, "Maintenance, Operation, and inspections" and Part II, Section 2.5, of the HAP Contract. Subpart C of 24 CFR Part 886 states:

> *"The owner shall maintain and operate the project so as to provide decent, safe, and sanitary housing..."*

Part II, Section 2.5, of the HAP Contract states:

> *"If the CA (HUD) notifies the Owner that it has failed to maintain a dwelling unit in Decent, Safe, and Sanitary condition and the Owner fails to take corrective action within the time prescribed in the notice, the CA may exercise any of its rights or remedies under the Contract, including reduction or suspension of housing assistance payments..."*

We have instructed our Field Accounting Division to suspend (abate) payment on the balance of the units.

If you have any questions, please contact HUD's attorney Michael Polsinelli at (313) 226-7955 or at the address listed above.

Sincerely,

Robert Brown, Director,
Detroit Multifamily Hub

*U.S. Department of Housing and Urban Development*

Michigan State Office
Office of Housing
Patrick V. McNamara Federal Building
477 Michigan Avenue
Detroit, MI 48226-2592
Tel. (313) 226-6280

AUG 16 1999

*Mr.Ben Alli*
*Owner*
*Collingwood-Kirkwood, Inc.*
*P.O. Box 36081*
*Grosse Pointe, MI 48236*

*Dear Mr. Alli:*

*Subject: Project #: 044-44017*
*Section 8 Contract #: MI28E000011*
*Project Name: Collingwood-Kirkwood Apartments*

*Enclosed is an executed copy of the Section 8 Housing Assistance Payments (HAP) Contract on the above property. The effective date of the HAP Contract is June 16, 1999.*

*The HAP Contract identifies your responsibilities for the property.*

*If you have any questions, please contact Patrick Berry at (313) 226-4900 x8155.*

*Sincerely,*

*Robert M. Brown*
*Director*
*Detroit Multifamily Hub*

*Enclosure*

*cc: Ben and Shaki Alli*

7

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Office of Housing, Federal Housing Commissioner

HOUSING ASSISTANCE PAYMENTS
RENEWAL CONTRACT

HUD as Contract Administrator

SECTION 8 PROJECT NUMBER: *044-44017*

SECTION 8 PROJECT NUMBER OF EXPIRING CONTRACT
(if different): MI28E000011

FHA PROJECT NUMBER: (if applicable) 044-44017

This HOUSING ASSISTANCE PAYMENTS CONTRACT MI28E000011 is entered into between the U.S. Department of Housing and Urban Development ("HUD") and Collingwood-Kirkwood ("Owner") pursuant to the United States Housing Act of 1937, 42 U.S.C. 1437 et seq. The purpose of this Contract is to provide housing assistance payments on behalf of Eligible Families ("Families") leasing decent, safe and sanitary units from the Owner.

Previously, HUD and the Owner entered into a Housing Assistance Payments Contract (MI28E000011) *to provide section 8 assistance* to the Owner for eligible families living in Collingwood-Kirkwood Apartments. ("Project").

This Expiring Contract expires on September 15, 1999.

HUD and the Owner desire to renew for the term specified below the Expiring Contract **EXCEPT for the Contract Rent and Rent Adjustment Provisions.**

**THEREFORE, HUD and the Owner hereby agree as follows:**

1. This Contract provides Housing Assistance Payments to the Owner for the term specified (see #4 & #5 below) at the contract rent levels listed in Exhibit A.

2. All terms of the Expiring Contract are renewed except for those provisions relating to contract rents and rent adjustments.

3. There will be no rent adjustments during the term of this Contract.

Collingwood



4. The effective date of this Contract is September 16, 1999.

5. This Contract expires on March 15, 2000.

6. The maximum amount of the commitment for housing assistance payments under this Contract is $ 90,000.

7. The Owner warrants that it has the legal right to execute this Contract and to lease dwelling units covered by this Contract.

8. The Owner warrants that the rental units to be leased under the terms of this Contract are in decent, safe and sanitary condition, as defined by HUD.

9. Notwithstanding any provision to the contrary, HUD, by executing this contract, does not make any warranty and/or representation as to the condition of the rental units. Execution of this Contract by HUD is not an endorsement by HUD that the rental units are in decent, safe and sanitary condition, as defined by HUD.

10. It is a crime to knowingly make false statements to HUD on this form or any other similar form. Penalties upon conviction can include a fine and imprisonment. 18 U.S.C. 1001, 1010.

This Contract is hereby executed with respect to the contract units described in Exhibit A.

UNITED STATES OF AMERICA
SECRETARY OF HOUSING AND
URBAN DEVELOPMENT

By: [signature]

Date: 8/13/99

OWNER

By: [signature]
BSA Co-President

Date: 8/9/99

# EXHIBIT A

## IDENTIFICATION OF UNITS ("CONTRACT UNITS") BY SIZE AND APPLICABLE CONTRACT RENTS

| Number of Units | Number of Bedrooms | Contract Rent |
|---|---|---|
| 3 | 1 Bedroom | 425.00 |
| 12 | 1 Bedroom | 425.00 |
| 11 | 2 Bedroom | 465.00 |
| 16 | 2 Bedroom | 465.00 |
| 3 | 3 Bedroom | 538.00 |
| 7 | 3 Bedroom | 538.00 |

U.S. Department of Housing and Urban Development

Michigan State Office
Office of Counsel
Patrick V. McNamara Federal Building
477 Michigan Avenue
Detroit, MI 48226-2592
Tel. (313) 226-6280

**SENT VIA CERTIFIED MAIL AND FAX**

January 25, 2000

Dr. Ben Alli
BSA & Associates
P.O. Box 36081
Grosse Pointe Park, MI 48236

Dear Mr. Alli:

Subject: Declaration of Involuntary Mortgagee-In-Possession
Collingwood-Kirkwood Apartments, Detroit, Michigan
Project #044-44017, Section 8 Contract No. MI28-E000-011

This letter constitutes a formal Declaration of Involuntary Mortgagee in Possession by the Department of Housing and Urban Development (HUD) due to the abandonment of the subject project by the owner. Upon receipt of numerous complaints of a lack of heat from residents at Collingwood Apartments this morning, a site inspection was made by a HUD Construction Analyst, and Project Manager and they determined that there was no heat in the building or in any of the occupied units. In fact, upon gaining entry to the boiler room, it was apparent that the heating system had been shut down for some time. There was no residual heat in the unit at all. A check of the heating systems in the resident units confirmed that there was no heat being supplied in the sub-freezing weather. The temperature this morning was approximately 7-10 degrees. Residents were operating their stoves or other heating devices to warm their units. In addition, there were no building or maintenance personnel on the premises to assist the residents.

The owner has failed to keep the Project in good repair, failed to provide decent, safe and sanitary housing under paragraph 10 of the Regulatory Agreement and paragraph 6 of the HAP Contract, and has been duly declared to be in default by the Secretary. By virtue of these facts and that the owner has abandoned the Project by failing to provide adequate heat to the residents, HUD is taking immediate possession of these buildings to protect the health and safety of the residents.

Please be advised that HUD requests the owner's cooperation for an orderly and peaceful transfer of the possession and management of the projects. However, should that not occur, HUD is prepared to immediately pursue other judicial remedies.

Sincerely,

Robert M. Brown
Director, Multifamily Hub

11

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Office of Housing, Federal Housing Commissioner

HOUSING ASSISTANCE PAYMENTS
RENEWAL CONTRACT

HUD as Contract Administrator

SECTION 8 PROJECT NUMBER: 044-44017

SECTION 8 PROJECT NUMBER OF EXPIRING CONTRACT
(if different):MI28E000011

FHA PROJECT NUMBER: (if applicable)044-44017

This HOUSING ASSISTANCE PAYMENTS CONTRACT **MI28E000011** is entered into between the U.S. Department of Housing and Urban Development ("HUD") and Collingwood-Kirkwood, Inc. ("Owner") pursuant to the United States Housing Act of 1937, 42 U.S.C. 1437 et seq. The purpose of this Contract is to provide housing assistance payments on behalf of Eligible Families ("Families") leasing decent, safe and sanitary units from the Owner.

Previously, HUD and the Owner entered into a Housing Assistance Payments Contract **(MI28E000011)**to provide section 8 assistance to the Owner for eligible families living in Collingwood-Kirkwood Apartments.

This Expiring Contract expires on June 15, 1999.

HUD and the Owner desire to renew for the term specified below the Expiring Contract **EXCEPT for the Contract Rent and Rent Adjustment Provisions.**

**THEREFORE, HUD and the Owner hereby agree as follows:**

1. This Contract provides Housing Assistance Payments to the Owner for the term specified (see #4 & #5 below) at the contract rent levels listed in Exhibit A.

2. All terms of the Expiring Contract are renewed except for those provisions relating to contract rents and rent adjustments.

3. There will be no rent adjustments during the term of this Contract.

4. The effective date of this Contract is ________June 16, 1999______________.

5. This Contract expires on _____September 15, 1999____________________.

6. The maximum amount of the commitment for housing assistance payments under this Contract is $ _60,000_____________.

7. The Owner warrants that it has the legal right to execute this Contract and to lease dwelling units covered by this Contract.

8. The Owner warrants that the rental units to be leased under the terms of this Contract are in decent, safe and sanitary condition, as defined by HUD.

9. Notwithstanding any provision to the contrary, HUD, by executing this contract, does not make any warranty and/or representation as to the condition of the rental units. Execution of this Contract by HUD is not an endorsement by HUD that the rental units are in decent, safe and sanitary condition, as defined by HUD.

10. It is a crime to knowingly make false statements to HUD on this form or any other similar form. Penalties upon conviction can include a fine and imprisonment. 18 U.S.C. 1001, 1010.

This Contract is hereby executed with respect to the contract units described in Exhibit A.

UNITED STATES OF AMERICA
SECRETARY OF HOUSING AND
URBAN DEVELOPMENT

By: [signature]

Date: 6/4/99

OWNER

By: [signature] BSA CO

Date: 5/28/99

**NOTIFICATION OF FUNDS AVAILABLE FOR CONTRACT RENEWAL**

**Owner Name:** BSA Company

**Project Name:** PINGREE APARTMENTS

**Project Location:** 2211 Pingree Street DETROIT, MI -48206

**Section 8 Contract No.** MI28E000037 **Expires on** 02/24/2000

**FHA Project No.:** 04444110

The subject Section 8 Housing Assistance Payments (HAP) contract expires on the given date. This notification responds to your selection of one of the initial renewal options submitted on Attachment 4 in HUD Notice H 98-34 or 99-08 or 99-15 dealing with Section 8 renewal policy, including tenant protections in the event of opt-outs. The purpose of this notification is to advise you as to the amount of funding that has been reserved for the renewal of the subject HAP contract.

**Renewal Funding:** **Annual Contract Authority** $ 58,400

**Budget Authority** $ 58,400

**Renewal Effective Date:** 02/25/2000

**Contract Units:** 82

The actual monthly assistance payments for the renewal period are subject to establishment of the unit distribution and contract rents for the project and may affect the final budget ant contract authority for the renewal contract. As provided in the above-referenced Notices, the contract rents shall be established through one of the following methods: completion of a comparability study, approval of a project budget, or application of cost adjustment factor, as applicable. Once the actual renewal unit distribution and rents have been determined, the owner and HUD will enter into the section 8 renewal HAP contract, and the owner may then draw down funds for monthly assistance payments under the contract. If the Section 8 contract is terminated for any reason prior to or during the renewal period, the budget authority made available by the reservation of funds and this notification may be recaptured by HUD.

By: [signature]

For Assistant Secretary for Housing-Federal Housing Commissioner

Robert M. Brown

(Name)

Director, Detroit Multifamily Hub

(Title)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Office of Housing, Federal Housing Commissioner

# HOUSING ASSISTANCE PAYMENTS RENEWAL CONTRACT

## HUD as Contract Administrator

SECTION 8 PROJECT NUMBER: 044-44110

SECTION 8 PROJECT NUMBER OF EXPIRING CONTRACT
(if different): MI28E000037

FHA PROJECT NUMBER: (if applicable):044-44110

This HOUSING ASSISTANCE PAYMENTS CONTRACT **MI28E000037** is entered into between the U.S. Department of Housing and Urban Development ("HUD") and Pingree Apartments("Owner") pursuant to the United States Housing Act of 1937, 42 U.S.C. 1437 et seq. and section 524(a)(1) of the Departments of Veterans Affairs and Housing and Urban Development, and Independent Agencies Appropriations Act, 1998, Pub. L. 105-65, 111 Stat. 1344, approved 10/27/97. The purpose of this Contract is to provide housing assistance payments on behalf of Eligible Families ("Families") leasing decent, safe and sanitary units from the Owner.

Previously, HUD and the Owner entered into a Housing Assistance Payments Contract **MI28E000037**("Expiring Contract") to provide section 8 assistance to the Owner for eligible families living in **Pingree Apartments** ("Project").

This Expiring Contract expires on February 24, 2000.

HUD and the Owner desire to renew for the term specified below the Expiring Contract **EXCEPT for the Contract Rent and Rent Adjustment Provisions.**

**THEREFORE, HUD and the Owner hereby agree as follows:**

1. This Contract provides Housing Assistance Payments to the Owner for the term specified (see #4 & #5 below) at the contract rent levels listed in Exhibit A.

2. All terms of the Expiring Contract are renewed except for those provisions relating to contract rents and rent adjustments.

3. There will be no rent adjustments during the term of this contract.

4. The effective date of this Contract is February 25,2000.

5. This Contract expires on June 24, 2000.

6. The maximum amount of the commitment for housing assistance payments under this Contract is $58,400.

7. The Owner warrants that it has the legal right to execute this Contract and to lease dwelling units covered by this Contract.

8. The Owner warrants that the rental units to be leased under the terms of this Contract are in decent, safe and sanitary condition, as defined by HUD.

9. Notwithstanding any provision to the contrary, HUD, by executing this contract, does not make any warranty and/or representation as to the condition of the rental units. Execution of this Contract by HUD is not an endorsement by HUD that the rental units are in decent, safe and sanitary condition, as defined by HUD.

10. It is a crime to knowingly make false statements to HUD on this form. Penalties upon conviction can include a fine and imprisonment. 18 U.S.C. 1001,1010.

This Contract is hereby executed with respect to the contract units described in Exhibit A.

United States of America
Secretary of Housing and
Urban Development

By: Mary McOwens
for Robert M. Brown
Director
Detroit Multifamily Hub

Date: 3/01/00

OWNER

By: BSACO
(Official Title)

Date: 2-23-00

# EXHIBIT A

## IDENTIFICATION OF UNITS ("CONTRACT UNITS") BY SIZE AND APPLICABLE CONTRACT RENTS

| Number of Units | Number of Bedrooms | Contract Rent |
|---|---|---|
| 68 | 1 Bedroom | 359 |
| 4 | 2 Bedroom | 465 |
| 10 | 3 Bedroom | 465.00 |