IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BENJAMIN & SHAKI ALLI, AND BSA CORPORATION, | ) | |
| Plaintiffs, | ) | No. 01-669C (Judge Allegra) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STIPULATION OF FACTS

The parties, plaintiffs, Benjamin and Shaki Alli and BSA Corporation, and defendant, the United States, respectfully submit the following joint stipulation of facts for use at trial in this matter. These stipulations shall not be cited, quoted, referenced or otherwise used, and are not binding, in any other matter in this or any other forum.

1. The real properties commonly known as: (a) 1730 Magnolia, Detroit, Michigan, (2) 1800 Magnolia, Detroit, Michigan, (b) 1830 Magnolia, Detroit, Michigan, and (c) 1831 Hazel, Detroit, Michigan are collectively referred to as the "Riverside" property.

2. The real properties commonly known as: (a) 1610 Collingwood, Detroit, Michigan and (b) 1635 Calvert, Detroit, Michigan are collectively referred to as the "Collingwood" property.

3. The real properties commonly known as: (a) 2211 Pingree and (b) 2987 Gladstone are collectively referred to as the "Pingree" property.

4. On or around March 24, 1998, the Department of Housing and Urban Development ("HUD") and plaintiff BSA Corporation entered into a Housing Assistance Payment contract ("HAP contract") for the Collingwood apartments.

5. Plaintiff Benjamin Alli is a shareholder of BSA Corporation.

6. The HAP contract was renewed by the parties several times, with the last renewal expiring on March 15, 2000.

7. HUD held the mortgage on the Collingwood apartments.

8. On or around July 6, 1990, HUD and BSA Corporation entered into a Regulatory Agreement for the Collingwood apartments.

9. HUD terminated the HAP contract for the Collingwood apartments, and followed all notice procedures required for termination pursuant to the contract.

10. HUD notified Benjamin Alli, in writing, that it was terminating the Collingwood HAP contract.

11. Following termination, HUD relocated all Section 8 tenants from the Collingwood apartments to other housing.

12. Neither plaintiffs nor Cory Fanning ever submitted a complete Transfer of Physical Assets ("TPA") application for approval of the sale of the Collingwood apartments to Mr. Fanning.

13. When Benjamin Alli purchased the Collingwood apartments in June 1989, he submitted a complete TPA application to HUD.

14. HUD began foreclosure proceedings pursuant to the regulatory agreement for the Collingwood apartments and followed all notice procedures required for foreclosure pursuant to the contract.

15. After a hearing upon the foreclosure, plaintiff, Benjamin Alli, requested a payoff amount for the HUD mortgage on Collingwood.

16. HUD sent Mr. Alli a payoff amount, and Mr. Alli disputed the amount owed.

17. Mr. Alli never paid HUD the payoff amount HUD requested.

18. HUD foreclosed upon its mortgage for the Collingwood apartments and sold the property to itself in a foreclosure sale where HUD was the only bidder.

19. On February 21, 2001, HUD sold the Collingwood apartments to a third-party for $ 80,890.

20. On June 8, 1989, HUD and Benjamin Alli, doing business as BSA & Associates, entered into a 15-year HAP contract for the Riverside apartments.

21. HUD terminated the HAP contract for the Riverside apartments and followed all notice procedures required for termination pursuant to the contract.

22. HUD notified Benjamin Alli, in writing, that it was terminating the Riverside HAP contract.

23. Following termination, HUD relocated all Section 8 tenants from the Riverside apartments to other housing.

24. Plaintiff, Benjamin Alli, eventually sold the Riverside apartments to a third-party buyer.

25. On August 22, 1983, HUD and Benjamin and Shaki Alli entered into a 15-year HAP contract for the Pingree apartments.

26. In 1988, the ownership of the Pingree Apartments was transferred from Benjamin Alli and Shaki Alli to BSA Corporation.

27. The Pingree HAP contract was renewed on August 25, 1998, August 25, 1999, and February 25, 2000.

28. HUD held the mortgage on the Pingree apartments.

29. On August 24, 1983, HUD and plaintiffs Benjamin and Shaki Alli entered into a Regulatory Agreement for the Pingree apartments.

30. HUD terminated the HAP contract for the Pingree apartments and followed all notice procedures required for termination pursuant to the contract.

31. HUD notified Benjamin Alli, in writing, that it was terminating the Pingree HAP contract.

32. Following termination, HUD relocated all Section 8 tenants from the Pingree apartments to other housing.

33. HUD began foreclosure proceedings pursuant to the Regulatory Agreement for the Pingree apartments and followed all notice procedures required for foreclosure pursuant to the contract.

34. Plaintiffs Benjamin and Shaki Alli paid off HUD's mortgage on Pingree before the foreclosure proceedings concluded.

35. BSA Corporation continues to own and operate the Pingree apartments today.

36. The HAP contracts for the Pingree, Collingwood and Riverside apartments and the Regulatory Agreements for the Pingree and Collingwood apartments required plaintiffs to keep those apartments in decent, safe and sanitary conditions.

Respectfully submitted,

s/Eric Stempien
ERIC STEMPIEN
STEMPIEN & STEMPIEN PLLC
315 North Center Street, Suite 200
Northville, MI 48167
(248) 735-9200
fax: (248) 735-8863

Attorney for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick by Donald E. Kinner
MARK A. MELNICK
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-1011
Fax. (202) 307-0972

April 4, 2007

Attorneys for Defendant