# In the United States Court of Federal Claims

No. 01-669C

(Filed:  February 23, 2009)

_____

| | | |
|---|---|---|
| BENJAMIN & SHAKI ALLI AND | * | |
| BSA CORPORATION, | * | |
| | * | Motion for reconsideration – RCFC 59; |
| Plaintiffs, | * | Piercing the corporate veil; Responsive |
| | * | pleadings – judicial admission; Motion |
| v. | * | denied. |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |

_____

**ORDER**

_____

*Eric Stempien*, Stempien & Stempien, PLLC, Northville, Michigan, for plaintiffs.

*Dawn Elyse Goodman*, Civil Division, U.S. Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Michael F. Hertz,*, for defendant.

**ALLEGRA, Judge:**

On August 26, 2008, the court issued an opinion in which it found that plaintiffs had breached their Housing Assistance Payments contracts and associated agreements with the United States Department of Housing and Urban Development.  *Alli v. United States*, 83 Fed. Cl. 250, 279 (2008).  The court also indicated that it would "allow defendant to pierce the corporate veil [of BSA Corporation] and hold Dr. [Benjamin] Alli and his wife [Shaki Alli] personally liable for any damages arising under [its] counterclaim."  *Id.* at 278.

On December 22, 2008, plaintiffs filed a motion for reconsideration under RCFC 59, alleging that the court erred in piercing the corporate veil with respect to Shaki Alli because defendant had "failed to provide any evidence that [she] was a shareholder of BSA Corporation." Defendant filed a response on January 21, 2009, opposing the motion and noting that plaintiffs had admitted that Mrs. Alli was an owner of BSA Corporation in their second amended complaint and answer to defendant's counterclaim.

To prevail on a motion for reconsideration under RCFC 59, the movant must identify a "manifest error of law, or mistake of fact."  *Fru-Con Constr. Corp. v. United States,* 44 Fed. Cl.

298, 300 (1999) (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)), *aff'd,* 250 F.3d 762 (Fed. Cir. 2000); *see also Six v. United States*, 80 Fed. Cl. 694, 697 (2008); *Ammex, Inc. v. United States,* 52 Fed. Cl. 555, 557 (2002), *aff'd,* 384 F.3d 1368 (Fed. Cir. 2004).  Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice.  *System Fuels, Inc. v. United States*, 79 Fed. Cl. 182, 184 (2007); *Stockton East Water Dist. v. United States*, 76 Fed. Cl. 497, 499-500 (2007); *Griswold v. United States,* 61 Fed. Cl. 458, 460-61 (2004).  The court has considerable discretion in ruling on a motion for reconsideration.  *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *see also Banks v. United States,* 84 Fed. Cl. 288, 291 (2008).  Nevertheless, granting such relief requires "a showing of extraordinary circumstances." *Caldwell v. United States,* 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied,* 546 U.S. 826 (2005).

Here, plaintiffs stated in their second amended complaint that BSA Corporation was "owned by Benjamin Alli and **Shaki Alli**."  Pl's Second Am. Compl. ¶ 2 (emphasis added). Moreover, in answering defendant's counterclaims, plaintiffs admitted several key factual contentions made by defendant – among them, that "Benjamin Alli and **Shaki Alli** were principals of BSA Corporation" and "[a]t all times pertinent to this action, Benjamin Alli and **Shaki Alli**, jointly and severally and doing business as BSA, owned the projects identified in the complaint."  *Compare* Def's Answer and Countercl. ¶¶ 54, 57, 132 (emphasis added) *with* Pls' Answer to Def's Countercl. ¶¶ 54, 57, 132.

Because "pleadings are judicial admissions," language in plaintiffs' second amended complaint and counterclaim answer were properly invoked by defendant "to render the facts contained therein indisputable." *Litman v. United States*, 78 Fed. Cl. 90, 135 (2007) (quoting *E.C. McAfee v. United States*, 832 F.2d 152, 154 n* (Fed. Cir. 1987)); *see also Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264-65 (4th Cir. 2004) (judicial admissions include "waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law"); 4 J. Wigmore on Evidence § 1064, at 67 (Chadbourne rev. 1972) (citing cases).  Each of the aforementioned responses qualifies as a judicial admission – a "'formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for purposes of litigation that the proposition of fact alleged . . . is true.'" *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703, 710 n.12 (1999) (quoting *Int'l Paper Co. v. United States,* 39 Fed. Cl. 478, 482 (1997)).  Try as they might, plaintiffs cannot now escape these admissions, which "are conclusively binding on the party asserting them." *Int'l Paper Co.,* 39 Fed. Cl. at 482 (citation omitted).  Plaintiffs' pleadings not only eliminated the need for defendant to put on evidence to establish the facts admitted therein, but eventually placed those admissions "beyond the power of evidence to controvert them." *Omni Moving and Storage v. United States*, 27 Fed. Cl. 677, 691 (1993) (quoting *Deluxe Check Printers, Inc. v. United States*, 14 Ct. Cl. 782, 794 (1988)).[1]

---

[1]  To be sure, an admission in a pleading can be withdrawn "by a proper amended or supplemental pleading." *Weeks Dredging and Contracting, Inc. v. United States*, 11 Cl. Ct. 37,

Based on the foregoing, the court hereby **DENIES** plaintiffs' motion for reconsideration. On or before March 13, 2009, the parties shall file a joint status report indicating how this case should proceed.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

46 (1986) (citations omitted).  But, the relevant paragraphs were neither withdrawn nor amended. And the court will not permit that to occur now, at this late stage, as defendant was entitled to rely upon these pleadings at trial.  *See* RCFC 15; *see also Principal Life Ins. Co. & Subs. v. United States*, 76 Fed. Cl. 326, 327 (2007).