# In the United States Court of Federal Claims

No. 01-669C

(Filed: July 10, 2009)
_____

BENJAMIN & SHAKI ALLI AND
BSA CORPORATION,

        Plaintiffs,

  v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**
_____

      On April 15, 2009, the court granted prior counsel for plaintiffs' motion to withdraw as attorney of record in this case because of a breakdown in the attorney-client relationship. In that same order, the court directed plaintiffs' to secure new counsel by May 4, 2009, as RCFC 83.1(a)(3) prohibits BSA Corporation, a corporate entity, from proceeding *pro se*. On May 6, 2009, the court granted plaintiffs' motion to extend the deadline for obtaining new counsel by sixty days to July 6, 2009. On July 7, 2009, the court received plaintiffs' current motion for unspecified additional time to obtain new counsel or for a court-appointed attorney.

      Although the court's May 6, 2009, order indicated that no further enlargements of time would be granted for plaintiff's to secure a new attorney, the court is reluctant to proceed while plaintiffs lack the benefit of counsel. However, if plaintiff fails to secure counsel, the fact remains that the court, on motion of defendant, may enter default judgment against plaintiff for up to the full amount of the government's counterclaims. Accordingly:

1.     Plaintiffs' motion for enlargement of time to obtain new counsel is hereby **GRANTED, in part**;

2.     On or before **July 27, 2009**, plaintiffs shall secure new counsel and that counsel shall file a notice of appearance as attorney of record in this case;

3.     On or before August 3, 2009, counsel for the parties shall file a joint status report indicating how this case should proceed;

4. On or before September 10, 2009, counsel for plaintiffs shall file a response to defendant's motion for summary judgment;

5. **If plaintiffs fail to secure counsel by the required deadline, the court will entertain a motion by defendant for entry of default judgment on the government's counterclaims pursuant to RCFC 55**; and

6. The Clerk shall mail this order to plaintiffs at the following address: P.O. Box 36081, Grosse Pointe, Michigan, 48236.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge