# In the United States Court of Federal Claims

No. 01-669C

(Filed: May 15, 2012)
_____

| | |
|---|---|
| BENJAMIN & SHAKI ALLI AND BSA CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | \* <br> \* <br> \* <br> \*   HUD housing contract; Counterclaim; <br> \*   Motion for summary judgment under RCFC <br> \*   56; Damages; Sole shareholders liable for <br> \*   damages owed by corporation under default <br> \*   judgment; *Res judicata*; Failure to create <br> \*   genuine issues of material fact; Damages <br> \*   established as to counterclaims. <br> \* <br> \* <br> \* |

_____

**OPINION**
_____

*Eric Jonathan Allen,* The Law Office of Eric J. Allen, Ltd., Columbus, OH, for plaintiffs.

*Dawn E. Goodman*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Tony West*, for defendant.

**ALLEGRA, Judge:**

This court has previously held that plaintiffs breached their contracts under a Federal subsidized housing program by failing to maintain and operate several apartment complexes in a decent, safe and sanitary fashion. And it has held that plaintiffs were liable on defendant's counterclaim, which seeks to recover various expenses occasioned by plaintiffs' misfeasance. Subsequently, the court granted defendant's motion for default as to its counterclaim, thereby determining the damages owed by BSA Corporation (BSA Corp.). Now pending before the court is defendant's motion for summary judgment, seeking to determine the damages owed by the other plaintiffs on the counterclaim. After considering the parties' filings, and for the reasons that follow, the court **GRANTS** defendant's motion and concludes that defendant is entitled to judgment, as a matter of law, in the amount of $1,211,049.11.

**I.    BACKGROUND**

The procedural background in this case is extensive, but the following facts will suffice.

Plaintiffs, Benjamin Alli and Shaki Alli, a married couple, and BSA Corp., a corporation wholly owned by the Allis, filed their complaint in this case on November 29, 2001; they later amended their complaint on May 22, 2002, and, again, on August 15, 2002. Plaintiffs claimed that defendant had breached their Housing Assistance Payment (HAP) contracts with the Department of Housing and Urban Development (HUD) with respect to three apartment complexes located in Detroit, Michigan: Collingwood, Pingree, and Riverside. On October 2, 2002, defendant filed its answer and a counterclaim, alleging in the latter that plaintiffs had breached the HAP contracts at issue in failing to maintain the three properties in a safe and habitable fashion.

Trial was held in this case on July 24-27, 2007, in Detroit, Michigan. Following post-trial briefing, on August 26, 2008, the court issued an opinion concluding that plaintiffs had failed to demonstrate any breach of contract by defendant. *Alli v. United States*, 83 Fed. Cl. 250 (2008) (*Alli I*). Finding, conversely, that defendant had "demonstrat[ed] that plaintiffs breached the HAP contracts in failing to maintain the properties in a safe, decent and sanitary state," the court held plaintiffs liable under defendant's counterclaim for breach of contract as to the Collingwood, Pingree, and Riverside properties. *Id*. at 276. The court, in addition, pierced BSA Corp.'s corporate veil and held "Dr. Alli and his wife personally liable for any damages arising under the Collingwood counterclaim." *Id*. at 277-78. The only issue that remained for decision, following these rulings, was the amount of damages plaintiffs owed.

On December 22, 2008, plaintiffs filed a motion for reconsideration of the court's finding that plaintiffs had breached their HUD agreements and that Dr. Alli and Mrs. Alli were personally liable under defendant's counterclaim. The court denied this motion on February 23, 2009. *Alli v. United States*, 86 Fed. Cl. 33 (2009) (*Alli II*). After settlement negotiations broke down, plaintiffs' counsel withdrew in April 2009. On May 8, 2009, defendant filed a motion for summary judgment on its counterclaim, seeking $79,674.93 for the costs HUD incurred relocating the residents of the Riverside apartment complex, $110,096.45 for the relocation of Pingree's residents, and $1,024,277.73 for the costs HUD incurred related to the Collingwood apartment complex.[1]

---

[1] Among its papers, defendant included a signed declaration from Ruth E. Pompa, HUD's Director of the Multifamily Property Disposition Center in Ft. Worth, Texas (the Disposition Center). The Disposition Center oversaw the foreclosure proceedings and sale of Collingwood and managed the relocation of tenants from Riverside and Pingree. Ms. Pompa, in fact, was personally involved in the foreclosure of Collingwood and in monitoring the costs associated with that foreclosure. Her declaration explained how HUD utilizes its Data Prompt Property Management System to track "property management and sales expenditures for all HUD-insured multifamily properties." Attached to her declaration were a series of six detailed

On July 10, 2009, the court ordered plaintiffs to secure new counsel by July 27, 2009, or risk entry of a default judgment on defendant's counterclaims pursuant to RCFC 55. On August 5, 2009, plaintiffs filed a motion to proceed *pro se*, which the court granted, in part, and denied, in part, on August 10, 2009. Dr. and Mrs. Alli were ordered to respond to defendant's motion for summary judgment on their own behalf and defendant was given the option to file a motion for default judgment as to BSA Corp. On August 14, 2009, defendant filed a motion for default judgment against BSA Corp. Upon receipt of that motion, the Clerk entered the requested default. On August 25, 2009, defendant filed a motion with the court seeking entry of a default judgment against BSA Corp. in connection with its breaches of the Collingwood, Riverside, and Pingree HAP contracts. Attached to this motion were several affidavits, supported by various spreadsheets and exhibits, detailing the damages that defendant asserted were incurred as the result of BSA Corp.'s breaches of the HAP contracts. In response to questioning from the court, defendant withdrew its request for default judgment against BSA Corp. as to both the Riverside and Pingree properties, admitting that privity of contract between BSA Corp. and HUD existed only with respect to the Collingwood HAP contract. On June 11, 2010, the court granted defendant's motion for default judgment as to Collingwood against BSA Corporation in the amount of $1,024,277.73. *Alli v. United States*, 93 Fed. Cl. 172 (2010) (*Alli III*). That same day, the court, acting pursuant to RCFC 54(b), entered judgment in favor of defendant and against BSA Corp. in the amount of $1,024,277.73.

Also on June 110, 2010, the court issued an order setting a deadline of August 27, 2010, for discovery limited to defendant's counterclaim as it applies to the individual plaintiffs and the Riverside and Pingree complexes. On September 14, 2010, plaintiffs filed a motion to compel defendant's responses to nine sets of discovery requests. On December 13, 2010, the court published an order detailing which of plaintiffs' discovery requests fell within the scope of the limited discovery authorized by the court in its order of June 11, 2011. The court ordered defendant to respond to thirty specific admissions requests, six interrogatories, and fifteen production requests by February 3, 2011. Additionally, the court ordered that "[o]n or before February 28, 2011, the depositions [of] Holly C. Malloy, Ruth E. Pomp and Adon Parker shall occur on a date mutually agreeable to the parties or, barring such agreement, at a reasonable time and place set by plaintiffs." Finally, the court allowed plaintiffs to file a motion with the court for leave to conduct additional depositions before February 11, 2011.

On February 25, 2011, plaintiffs filed motions for default judgment and sanctions alleging that defendant had improperly redacted information from its discovery requests and impeded plaintiffs from deposing certain witnesses. On June 10, 2011, plaintiffs filed a motion seeking relief from the judgment against BSA Corp. under RCFC 60. In an order issued on July 20, 2011, the court denied plaintiffs' motions for default and sanctions, finding that "defendant has responded appropriately and to the extent practicable to all plaintiffs' written discovery requests." The court specifically noted that defendant's redaction of personal identifying

---

printouts from that system, showing the expenses (including relocation costs) incurred with respect to each of the properties at issue.

information related to plaintiffs' former tenants' moving costs was not obstructive, since the unit numbers were left unredacted.  As to the depositions, the court found that plaintiffs never sought to notice depositions under RCFC 30(b)(1), despite defendant's repeated attempts to schedule the depositions.

Two days later, on July 22, 2011, the court denied plaintiffs' motion for relief from the default judgment against BSA Corp.[2]  In September of 2011, plaintiffs finally hired an attorney.  Briefing on defendant's motion for summary judgment was subsequently completed.  Argument is deemed unnecessary.

## II.     DISCUSSION

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* RCFC 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Disputes over facts that are not outcome-determinative will not preclude the entry of summary judgment.  *Id*. at 248.  However, summary judgment will not be granted if "the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Id*.; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Becho, Inc. v. United States*, 47 Fed. Cl. 595, 599 (2000).

When making a summary judgment determination, the court is not to weigh the evidence, but to "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Agosto v. Immigration & Naturalization Serv.*, 436 U.S. 748, 756 (1978) ("a [trial] court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented"); *Am. Ins. Co. v. United States*, 62 Fed. Cl. 151, 154 (2004).  The court must determine whether the evidence presents a disagreement sufficient to require fact finding, or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 250–52; *see also Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009) ("'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" (quoting *Matsushita*, 475 U.S. at 587)).  Where there is a genuine dispute, all facts must be construed, and all inferences drawn from the evidence must be viewed, in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587–88 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also Stovall v. United States*, 94 Fed. Cl. 336, 344 (2010); *L.P. Consulting Grp., Inc. v. United States*, 66 Fed. Cl. 238, 240 (2005).

At this juncture, this court has already decided that Benjamin and Shaki Alli are liable under defendant's counterclaim.  *See Alli I*, 83 Fed. Cl. at 276.  It remains to determine the

---

[2]  Additionally, on June 13, 2011, plaintiffs filed a notice of appeal, seeking to appeal the June 11, 2010, entry of default judgment against BSA Corp.  On November 16, 2011, the United States Court of Appeals for the Federal Circuit dismissed the appeal, No. 2011-5100, as untimely filed, because more than sixty days had elapsed since the entry of judgment. *Alli v. United States*, 447 Fed. Appx. 223 (2011) (*Alli IV*).

damages they owe.  For Collingwood, defendant's main argument is that it is entitled, as a matter of law, to judgment in the amount of $1,024,277.73 against plaintiffs Benjamin and Shaki Alli based on the combined impact of two of this court's prior rulings:  (i) the August 28, 2008, opinion holding that the corporate veil of BSA Corp. should be disregarded and that Dr. Alli and his wife are personally liable for any damages arising under the Collingwood counterclaim, *Alli I*, 83 Fed. Cl. at 277-78; and (ii) the June 11, 2010, ruling that the United States was entitled to a default judgment on its Collingwood counterclaim as to BSA Corp in the amount of $1,024,277.73.  *See Alli III*, 93 Fed. Cl. at 182.  In defendant's view, under the 2008 opinion, the Allis are liable to the United States for the amount of the 2010 default judgment entered against BSA Corp.  The court agrees.

Following a trial on the record, the court rendered findings holding plaintiffs liable on defendant's counterclaim, and determining that BSA Corp.'s corporate form should be disregarded, leaving Dr. Alli and his wife liable for the Collingwood portion of the counterclaim. *Alli I*, 83 Fed. Cl. at 276-77.  While these findings are factual in nature and thus not binding under the law-of-the-case doctrine,[3] they are, nevertheless, supported by overwhelming evidence.  *See id.* (indicating that "the relevant facts are firmly established").  As such, the court will neither disturb these findings, nor permit plaintiffs a second chance to raise new factual questions as to points that were long ago decided.  *Bronx Brass Foundry v. Irving Trust Co.*, 297 U.S. 230, 231 (1936) ("It is not intended that a party shall have two trials of the same issue"); *Hyde Const. Co. v. Koehring Co.*, 388 F.2d 501, 505 (10th Cir. 1968) ("[o]rdinarily, one trial of a controversy is enough").  Indeed, plaintiffs have had their second bite of this apple, as this court has already considered and rejected a motion for reconsideration on these same points.  *See Alli II*, 86 Fed. Cl. at 35.  No further examination of these findings is warranted.

The default judgment entered against BSA Corp. is final in every sense of the word.[4]  The court has already denied a motion seeking relief from that judgment.  Order No. 01-669 (July 22, 2011).  And, subsequent to that denial, Dr. Alli and Mrs. Alli attempted to appeal the default judgment to the Federal Circuit, but their appeal was dismissed as untimely.  *See Alli IV*, 447 Fed. Appx. at 224.  In these circumstances, the judgment against BSA Corp. is entitled to

---

[3] The law of the case doctrine, "[a]s most commonly defined . . . posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16, (1988) (internal quotation marks omitted).  However, a trial court's finding of fact that has not been reviewed by an appellate court is "'subject to revision at any time before the entry of judgment.'"  *Banks v. United States*, 93 Fed. Cl. 41, 52 (2010) (quoting *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986)); *see also Alli III*, 93 Fed. Cl. at 181 n.21.

[4] *See Catlin v. United States*, 324 U.S. 299, 233 (1945) (a final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *see also* Restatement (Second) Judgments § 13 (1982) (a final judgment "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect").

binding effect under the doctrine of *res judicata* (or, in the parlance of the Restatement (Second) Judgments, "claim preclusion"). The doctrine serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). This form of preclusion applies if "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Carson v. Dept. of Energy*, 398 F.3d 1369, 1375 (2005); *Emiabata v. United States*, 90 Fed. Cl. 22, 29 (2009).

The default judgment entered against BSA Corp satisfies each of these three requirements. This court had jurisdiction to render that judgment. And, even though it was rendered upon a default, the judgment was a decision on the merits. *See Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("'[a] judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, . . . even if obtained upon a default.'" (quoting *Riehle v. Margolies*, 279 U.S. 218, 225 (1929)); *see also Nasalok Coating Corp. v. Nylok Corp.*, 552 F.3d 1320, 1229 (Fed. Cir. 2008); *Sharp Kabushiki Kaisha v. Thinksharp, Inc.*, 448 F.3d 1368, 1371 (Fed. Cir. 2006). Moreover, while the judgment was directed at BSA Corp., there is little doubt that it may be enforced against Dr. Alli and his wife, who, because of their control over BSA Corp. and the prior litigation, are viewed as "privies" of the corporation.[5]

Accordingly, the court finds that the judgment against their corporation precludes the Allis from contesting the amount of damages owed on the Collingwood counterclaim. As the result of this court's prior ruling piercing the corporate veil, Dr. Alli and his wife are jointly and severally liable for the damages that this court previously determined were owed by BSA Corp.

Defendant is also entitled to summary judgment as to the other two properties at issue (Pingree and Riverside) for a second, independent reason: plaintiffs have failed to create a genuine issue of material fact as to the damages claimed by defendant. The party opposing the motion "must present affirmative evidence in order to defeat a properly supported motion for summary judgment, *Anderson*, 477 U.S. at 257, and that evidence "must point to an evidentiary conflict created on the record." *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) (en banc) (citing *Barmag Barmer Maschinenfabrik AG v. Murata Mach.*, Ltd., 731 F.2d 831, 836 (Fed. Cir. 1984)). The opposing party may employ "any of the kinds of

---

[5] *See Griswold v. County of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010) (president and sole owner of corporation was precluded by judgment against corporation because he "had complete control over the prior litigation"); *In re Russell*, 76 F.3d 242, 245 (9th Cir. 1996) (principals were bound by issue-preclusion effects of judgment against their corporation); *In re Belmont Realty Corp.*, 11 F.3d 1092, 1097 (1st Cir. 1993) (controlling shareholder of corporation was bound by judgment against corporation); *Sure-Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869, 877 (2d Cir. 1991) (same); *Drier v. Tarpon Oil Co.*, 522 F.2d 199, 200 (5th Cir. 1975) (same); *see also* 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4460 (2002) (preclusion may apply where "controlling owner has in fact participated extensively in directing litigation by or against the corporation").

evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see also* RCFC 56(c)(1); *Grand Acadian, Inc. v. United States*, 97 Fed. Cl. 483, 488 (2011).

Plaintiffs have provided no evidentiary materials that rebut the declaration and documents filed by defendant in support of its damages claim.  Their rejoinder to defendant's materials instead takes two forms.  First, plaintiffs claim that the materials provided by defendant do not go far enough to support its claims.  But, plaintiffs have failed to demonstrate, to any degree, that the materials supplied by defendant are inadmissible or unreliable, nor have they supplied any materials themselves that would lead the court to question whether the expenses in question were incurred or reasonable.[6]  Plaintiffs' "mere denials or conclusory statements are insufficient" to meet the requirement of RCFC 56(e)(2) that they set out specific facts showing a genuine issue for trial.  *SRI Int'l*, 775 F.2d at 1116; *see also Enzo Biochem, Inc. v. Appelara Corp.*, 599 F.3d 1325, 1337 (Fed. Cir. 2010); *Prudential Ins. Co. of Am. v. United States*, 801 F.2d 1295, 1301 (Fed. Cir. 1986); *Barmag Barmer*, 731 F.3d at 836.

Second, plaintiffs seek a further opportunity to conduct discovery in this matter under RCFC 56(d).  But, of course, plaintiffs already have had an opportunity to conduct discovery under this provision – that in response to defendant's original motion for summary judgment. They have had more than ample time to develop evidence in support of their case.  Yet, they come to this motion essentially with empty hands.  There is no valid excuse for this.  In particular, plaintiffs inexplicably chose not to depose the government witnesses who accumulated and developed the information supporting defendant's damages case, even though this court made specific provision for those depositions to occur.  *See* Order No. 01-669 (Dec. 13, 2010).[7]  Plaintiffs should not be heard now to complain that they lack the evidence needed to rebut defendant's claim when that deficiency is one of their own making.  *See Panatronic USA v. AT & T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002); *Claytor v. Computer Assocs. Intern., Inc.*, 262 F. Supp. 2d 1188, 1200 (D. Kan. 2003).  Nor will this court reopen discovery yet again to allow plaintiffs to obtain evidence that, if it exists at all, should have already been obtained.  *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006); *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 n.1 (2d Cir. 2004).

The preceding considerations demonstrate that plaintiffs have not created any genuine issues of material fact as to defendant's counterclaims.  The court instead believes that defendant

---

[6] In their brief, plaintiffs reiterate their objections to the redaction of certain information from the exhibits provided by defendant.  The court has already dealt with this claim during discovery, finding that the evidence provided by defendant adequately revealed the units that were affected by HUD's relocation efforts.  *See* Order No. 01-669C (July 20, 2011).

[7] Despite their objections to the exhibits and declaration provided by defendant, plaintiffs have failed to conduct any discovery dedicated to showing that any of the costs in question were not incurred or were otherwise excessive.

has provided evidence that proves its entitlement to damages with the requisite "reasonable certainty." *See Alli III*, 93 Fed Cl. at 181; *see also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Based on that evidence, defendant is entitled, as a matter of law, to a judgment in the amount of $79,674.93 for the costs incurred by HUD in relocating the residents of Riverside, and in the amount of $110,096.45 for the costs HUD incurred relocating the residents of Pingree.[8] To determine the full amount owed on defendant's counterclaims, the sum of these damage amounts must be added to the $1,024,277.73 that plaintiffs owe as the result of the prior default judgment entered against BSA Corp. with respect to Collingwood.

### III.   CONCLUSION

This case is at an end. Based on the foregoing, the court holds that, on its counterclaim, defendant is entitled to judgment, as a matter of law, in the amount of $1,211,049.11, which amount is owed jointly and severally by plaintiffs Benjamin and Shaki Alli. The Clerk shall enter an appropriate judgment.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[8] It should not be overlooked that, in its trial opinion, this court found that both Pingree and Riverside were dilapidated and in ill-repair, and that these problems, in combination with numerous documented health and safety violations, left HUD with no choice but to relocate the tenants involved. *See Alli I*, 83 Fed. Cl. at 255-57, 272-75. These and other findings made in the prior opinion, in the court's view, more than suffice to demonstrate that the inaction of the Allis was the proximate cause of the damages in question and that the damages incurred by defendant were foreseeable. *See Energy Capital Corp. v. United States*, 302 F.3d 1314, 1324-25 (Fed. Cir. 2002); *Franconia Assocs. v. United States*, 61 Fed. Cl. 718, 746 (2004).